Allen, J.
 

 It is the proposition of Boyatt’s attorney that the trial court was justified in granting the motion for a bill of particulars. No Ohio statute exists providing for a bill of particu
 
 *399
 
 lars in a criminal case, and no decision in this court is cited holding that such a right exists. The attorney for the defendant, however, claims that he is entitled to have the motion for the bill of particulars granted upon the ground that the defendant is entitled to be apprised of the nature of the charge against him. Under the decisions in this state, however, the defendant’s rights in that particular are amply protected by the holdings with regard to the requisites of the indictment. This court has decided that an indictment must contain a complete description of the offense charged, and. that it must state every circumstance of an intention, knowledge, or action that constitutes the crime.
 
 Lamberton
 
 v.
 
 State,
 
 11 Ohio, 282;
 
 Anderson
 
 v.
 
 State,
 
 7 Ohio, 250, pt. 2;
 
 Stoughton
 
 v.
 
 State,
 
 2 Ohio St., 562.
 

 If the indictment does not describe the offense charged, it is subject to motion to quash. Therefore the defendant, under Ohio law, due to the requisites of the indictment, is given all that he legitimately can ask as to being apprised of the nature of the crime. It is a matter of general knowledge that persons charged with crime in this state are amply protected by our criminal procedure. Why, then, multiply the technicalities by which a defendant may postpone the day of trial? In effect, this is what Boyatt’s attorney asks us to do in this case, for the bill of particulars requested did not make more definite and certain the indictment, which was already specific. It constituted a fishing expedition for the purpose of securing matter in defense.
 

 
 *400
 
 There are decisions from other states which hold that the state in prosecutions can be required to file a bill of particulars. In this state, however, on the trial of criminal offenses, the courts have only such powers as are granted under the State Constitution and statutes. Section 4, Article IV, of the Constitution, provides that the jurisdiction of courts of common pleas and of the judges thereof shall be fixed by law. Hence, under our Constitution the Legislature has power to define and provide for criminal procedure. This power it has exercised without providing for bills of particulars in criminal prosecutions. It would be judicial legislation for this court to read such a provision into the criminal statutes.
 

 Since the action of the trial court was taken without authority of law, the exceptions must be sustained.
 

 Exceptions sustained.
 

 Marshall, C. J., Jones, Matthias, Day, Kinkade and Robinson, JJ., concur.