## No. 529

### BIERBAUM v. STATE

Ohio Appeals, 1st Dist., Hamilton Co.

No. 3045. Decided April 4, 1927

923.—PLEADINGS — Under the General Code, the State cannot be required to file a bill of particulars in criminal cases.

480. EVIDENCE—When a witness is testifying orally and resorts to written memoranda to refresh his recollection, there must be actual recollection for such testimony to be competent.

454. EMBEZZLEMENT—Under 12467 GC. there must be proof beyond a reasonable doubt that the accused converted to his own use something of value.

First Publication of this Opinion

PER CURIAM

The plaintiff herein was indicted, tried and convicted on the charge of embezzlement. He now asks reversal upon the following grounds:

1. The Common Pleas erred in overruling the motion to require the Prosecuting Attorney to furnish a bill of particulars.

2. The court erred in permitting a witness to testify from memoranda.

3. The verdict and judgment are against the weight of the evidence.

The record showed that one of the witnesses testified by reading from certain written memoranda. This memoranda was made each day, by or in the presence of the witness, and consisted of notations of figures showing the amount of money returned each morning, to the defendant, and also the amount chargeable to one of the members of the firm by whom defendant was employed. The witness, upon being asked whether or not he could testify without the memoranda, answered that he could not. The record further showed that each evening the accused would turn over to the president of the company, all of the paper money on hand, the silver being kept in a box at the office. The president would take the paper money home with him, and was accustomed to pay out therefrom his household and other expenses, returning any balance to the accused, the following morning. The difference between the amount received in the evening and the amount returned the following morning was charged against the account of the plaintiff.

The State, in attempting to prove embezzlement, produced photographs showing certain slips on which entries were made as above stated, and produced photographs showing how the slips had been changed later, by increasing the amount charged against the president, and claimed that the amounts in which these slips were changed disclosed the sums embezzled.

The accused in his testimony, admitted making many of the changes on the slips, stating that this was done, because after the money was returned to him in the morning, the president would thereafter draw out more money. Sometimes this was shown by a separate memorandum placed in the drawer, sometimes no notation was left and it was necessary for him to make inquiry to learn by whom and for what purpose the money was taken so that he could charge it to the proper account. That it was his custom to change the figures on the original slip to take care of the additional amounts drawn. That this change in the figures was frequently made with the knowledge and approval of the President. The State did not offer any evidence to rebut this explanation. The record further shows that several officers had access to the cash drawer, books and slips. The whole case was built up on the changes made in these pencil memoranda, and did not show what, if any, money was actually taken by the defendant. The Court of Appeals reversed the Common Pleas, and held as follows:—

1. Under the General Code, the State cannot be required to file a bill of particulars in criminal cases. State v. Boyatt, 114 OS. 397.

2. When a witness is testifying orally, and resorts to written memoranda to refresh his recollection, there must be actual recollection for such testimony to be competent, otherwise, the testimony is not in fact his recollection or knowledge. Lovell v. Wentworth, 39 OS. 614.

3. In order to prove embezzlement, under 12467 GC., there must be proof of something more than a change of figures; it must be shown beyond a reasonable doubt, that the accused converted to his own use something of value.

Judgment reversed, and cause remanded.

Attorneys—Geo. A. Dornette and Nelson Schwab for Bierbaum; Chas. P. Taft, 2nd, and Carl E. Basler for State; all of Cincinnati.