Stephenson, J.
 

 This court has read the authorities cited by counsel on both sides of this case, and has no quarrel with any of them. The form of the affidavit in this case is not a model, but is it not sufficient under our criminal laws ?
 

 While the plea made to the affidavit was styled a “motion to quash,” it was, as a matter of law, a motion in arrest of judgment. The court is giving Schill the benefit of the rule that a plea is known by its legal effect, when it is improperly named. Were this plea in truth a motion to quash, it was waived as a matter of law when Schill entered his plea to the affidavit.
 

 The motion in arrest of judgment for the purposes of the motion admitted that Schill, at the time and place charged, “conducted himself in a noisy, boisterous, rude and insulting manner with intent then and there to abuse and annoy the citizens of Cincinnati,” but he says that the words “noisy, boisterous, rude and insulting,” as used in the affidavit, are legal conclusions and mean nothing. Schill insists that before he can be held to answer to this charge of disorderly conduct the affidavit must state with particularity just what he did that was noisy; just what he did that was boisterous; just what he did that was rude; and just what he did that was insulting.
 

 This court has always held, and continues to hold, that an accused person is entitled to be fairly informed as to the nature of the complaint made against him.
 
 *60
 
 Any other holding would forestall an intelligent defense; but if an accused person feels that the charge filed against him is vague, indefinite and uncertain, and that he is prejudiced thereby, he must not enter his plea, sit smugly through his trial, and complain for the first time by the interposition of a motion in arrest of judgment — and this is especially true where the accused is charged by affidavit with the violation of a municipal ordinance, which affidavit charges the offense in the exact words of the ordinance.
 

 Schill was tried and convicted on July 8, 1929, just thirteen days before our present Criminal Code became effective. Schill, at that time, had no right to a bill of particulars as provided in Section 13437-6, General Code.
 
 State
 
 v.
 
 Boyatt,
 
 114 Ohio St., 397, 151 N. E., 468. Nor could the city amend its affidavit, as provided by Section 13437-29, General Code.
 

 The words “noisy,” “boisterous,” “rude” and “insulting,” have no deep, diabolical or technical meaning. If Schill did not know the meaning or purport of these words, his counsel, in all probability, could have furnished him with complete enlightenment without even consulting a dictionary.
 

 For aught that the record shows, he was perfectly satisfied with these averments until he was tried and convicted, then he discovered that the words did not mean anything — or, if they did mean anything, he did not know what it was; and, because of his ignorance, he moves in arrest of judgment. He remained in a state of repose just a little too long.
 

 The city used the exact words of the ordinance in charging the offense, and this court holds that they are sufficient in this particular case. The ordinance is not attacked in this case. • There is no claim that the ordinance does not charge an offense, or that the ordinance is vague, uncertain or unreasonable. Municipal corporations are empowered to so legislate as to preserve the peace and good order of the community. To
 
 *61
 
 do this the legislative body must legislate against disorderly conduct. Consequently, if an affidavit drawn under favor of such ordinance charges the offense in the exact words of the ordinance, it is not enough to attack the affidavit; the ordinance must likewise be attacked.
 

 For the sake of the argument, grant that the words “noisy,” “boisterous,” “rude” and “insulting” are vague, indefinite and uncertain. The question is not raised in this case.
 

 The words “vague,” “indefinite” and “uncertain” are synonymous, and are all expressed by the one word, “indefinite.”
 

 It will be found that this court has spoken directly on this proposition in the first paragraph of the syllabus in the case of
 
 State of Ohio
 
 v.
 
 Messenger,
 
 63 Ohio St., 398, 59 N. E., 105: “Indefiniteness in the averments of an indictment should be taken advantage of
 
 by a motion to quash
 
 and not by demurrer.”
 

 This law has not in any wise been modified or departed from, and this is not its first pronouncement. See
 
 Bartlett
 
 v.
 
 State,
 
 28 Ohio St., 669. Matthias, J., followed, approved and distinguished both of these cases in the dictum in the case of
 
 Ciano
 
 v.
 
 State,
 
 105 Ohio St., 229, at page 233, 137 N. E., 11.
 

 Schill, by his plea of “not guilty,” waived his right to a motion to quash and it was lost to him unless and until he by leave of court withdrew such plea.
 

 Section 13625, General Code, re-enacted
 
 in haec verba
 
 as Section 13439-11, General Code, provides: “The accused shall he taken to have waived all defects which may be excepted to by a motion to quash or a plea in abatement, by demurring to an indictment, or pleading in bar or the general issue.”
 

 The judgment of the Court of Appeals is reversed and that of the court of common pleas and municipal court is affirmed, and this cause is remanded to the
 
 *62
 
 municipal court of the city of Cincinnati for execution of sentence.
 

 Judgment of the Court of Appeals reversed, and judgment of the court of common pleas and the municipal court affirmed, and cause remanded.
 

 Marshall, C. J., Matthias, Day and Kinkade, JJ., concur.
 

 Jones, J., concurs in proposition 3 of the syllabus and in the judgment.
 

 Allen, J., concurs in the judgment.