**STATE, Plaintiff-Appellee, v. GILES, Defendant-Appellant.**

Ohio Appeals, First District, Hamilton County.

No. 6991. Decided July 9, 1948.

Carson Hoy and Harry S. Schwartz, Cincinnati, for plaintiff-appellee.

Ophelia Emden, Cincinnati, for defendant-appellant.

## OPINION

By THE COURT:

Defendant below appeals to this court from a conviction by a jury of the crime of sodomy.

The proof in the record is clear and convincing that substantial justice has been done in the conviction of the defendant of the crime charged.

Among many assigned errors, it is claimed that evidence of a rape committed by the defendant earlier on the same day, admitted by virtue of §13444-19 GC, constituted prejudicial error.

It is true that during the trial the defendant's counsel stipulated that defendant was present at the time and place charged, but he coupled that admission with the statement that there was a fight between defendant and the prosecuting witness. The plea of not guilty still stood and the cause of the struggle remained to be proved by the state. According to the state's evidence, force was used to accomplish this sex crime. Evidence that accused used force on the same day to perpetrate another sex crime has some tendency to prove that was the motive for the use of force in this instance.

We hold the evidence admissible under the statute, as reasonably disclosing a purpose to use the force necessary to consummate a sex crime over the victim's objection and resistance; within the purview of the holding of the Supreme Court in **State v. Moore, 149 Oh St, 226,** and **Barnett v. State, 104 Oh St, 298.**

Error is also specifically assigned to the following of the court's charge:

"If the State of Ohio, or the prosecution, has proved beyond a reasonable doubt that the defendant has committed other acts similar in nature to the one charged in the presentment or indictment in this case, you may consider them in any way in which they will assist you in arriving at the truth or falsity of the charge presented in the indictment."

The above charge is erroneous, as being incomplete, in failing to limit same to the purpose for which the evidence was introduced. However, in view of the clear and convincing proof in the record of the guilt of the defendant, we find that no prejudicial error accrued.

The affidavits used on the motion for a new trial were not brought into the record by a bill of exceptions, and, for that reason we could not in any event give them effect. We have found the affidavits among the papers and have read them. As to the affidavit of the prosecuting witness, it is sufficient to say that she did not change in any way the testimony she gave at the trial. As to the other affidavit, it does not constitute a material contradiction of the testimony of the police officers. Furthermore, there is no showing that it was newly discovered evidence.

We find no other error, prejudicial to the defendant-appellant in the record.

The judgment is affirmed.

MATTHEWS, PJ, ROSS & HILDEBRANT, JJ, concur.