CITY OF TOLEDO, APPELLEE, *v.* TUCKER, JR., APPELLANT. (Two cases.)

(Nos. 4802 and 4803—Decided December 13, 1954.)

Mr. *Nicholas Walinski,* for appellee.
Messrs. *Winchester & Winchester,* for appellant.

FESS, P. J. These two appeals are on questions of law from judgments of the Common Pleas Court affirming judgments of conviction of misdemeanors by the Municipal Court of Toledo. In appeal No. 4802, it was charged by affidavit filed August 5, 1953, that on or about June 23, 1953, defendant "did unlawfully fail to comply with a lawful order of the commissioner of health, to wit: to have building located 326 Tecumseh Place in good state of repair, the said building being owned by the said Theodore B. Tucker, Jr.," contrary to the form of an ordinance of the city.

In appeal No. 4803, it was charged by affidavit filed August 5, 1953, that on or about July 2, 1953, the defendant, "being the owner of duplex located at 3034 Ontario, failed to comply with a lawful order of the commissioner of health to repair the said duplex within 30 days, same being unfit for human habitation," contrary to the form of an ordinance of the city.

In the first case, the defendant was fined $150 and costs, and in the second case, $100 and costs—$50 of which was suspended during good behaviour.

Neither the ordinance nor any rules and regulations of the commissioner of health were pleaded or introduced in evidence. Since it was the duty of the Municipal Court to take judicial notice of the ordinance pursuant to which the charges were brought, this court on appeal will likewise take such judicial notice. *Orose* v. *Hodge Drive-It-Yourself Co., Inc.,* 132 Ohio St., 607, 9 N. E. (2d), 671, 111 A. L. R., 954; *Village of Strongsville* v. *McPhee,* 142 Ohio St., 534, 53 N. E. (2d), 522. But neither the Municipal Court nor this court may take judicial notice of rules, regulations or orders of administrative agencies of a municipality.

Although affidavits charging misdemeanors are not to be construed with the same degree of strictness as indictments charging major offenses (*State* v. *Marcinski,* 103 Ohio St., 613, 134 N. E., 438), the function and purpose of such an affidavit is to advise the defendant of "the nature and cause of the accusation against him" (*Village of Strongsville* v. *McPhee, supra*), and guilt must be proved beyond a reasonable doubt. *Fuller* v. *State,* 12 Ohio St., 433; Section 2945.04, Revised Code.

In the instant cases, the defendant was charged with fail-

ure to comply with a lawful order of the commissioner of health, and at his trials had the right to rely upon the charges as stated in the affidavits. But the record is silent with respect to any rules and regulations of the health department relating to the construction and maintenance of dwellings.

The orders concerning which it is alleged the defendant failed to comply are likewise absent from the record. In case No. 4802, an inspector testified that on June 24, 1953, an order was mailed to the defendant "for this building to be put in a good state of repair, in accordance with the Toledo Building Code, or have said premises vacated, as said premises are a menace to life and health." When asked whether there was any specification for repairs, he said "No, except there is an inspection report on the reverse side included in the order. * * * There is a listing of the various parts of the building, the foundation needs repair and the siding was rotting, the roof was leaking, the condition of the floors was poor, the walls and ceilings had plaster gone. * * * No adequate heating, no tubs or shower, no water closet, no hot water or lavatory, and there was a sink that drained under the floor. Electricity was available, but the wiring was poor; no adequate means of egress from second floor. No adequate screens for doors and windows; no screens in building. The building was rat-infested, and had no adequate garbage or rubbish containers. That was the order sent to the building and fire prevention bureaus."

It will. be noted that the last sentence seems to relate to the condition of the premises rather than to the provisions of the order mailed to the defendant. It is to be inferred that the order was in the alternative—either to repair the defects or vacate the premises. The inspector testified further that on an inspection made September 11, one family had moved out but that upon an inspection made the day before the trial, another family with five children had moved in downstairs, and that they told him they had bought the property from the defendant. Parenthetically, if the defendant failed to comply with a lawful order of the commissioner of health, he could not well escape the consequences by transferring the property to a third person.

Upon the record before us for review, it is impossible to

determine whether the order was reasonable, lawful, or made pursuant to a lawful regulation of the commissioner of health. The burden was upon the city to establish the authority for the issuance of the order and whether it was reasonable or lawful and made pursuant to a proper exercise of the police power conferred upon the commissioner of health by the city charter and ordinances of council enacted pursuant thereto. The city likewise has the burden to establish by competent evidence that the defendant is guilty of the charge laid in the affidavit. There is evidence in the record tending to disclose that the defendant may have violated the provisions of Section 19-26-2 of the Municipal Code providing in part that "every dwelling and every part thereof shall be maintained in good repair by the owner or agent, and fit for human habitation," but he is not charged with the violation of this section.

The oral testimony of the prosecuting witnesses relating to the contents of the order, in the absence of a satisfactory excuse for not presenting the order itself, is violative of the best evidence rule. *State* v. *Lent*, Tappan, 105; *Demereaux* v. *State*, 35 Ohio App., 418, 172 N. E., 551; *Robbins* v. *Budd*, 2 Ohio, 16.

In its reply brief, the appellee cites no ordinance but relies solely upon the provisions of Sections 3707.01 to 3707.53, Revised Code, wherein ample authority is provided for the enforcement of orders of boards of health. But the instant prosecutions are brought in the name of the municipality and not in the name of the state. Cf. Sections 1901.21 and 1903.13, Revised Code.

With regard to appeal No. 4803, the evidence relates to a different property and other circumstances, but is of like character and import and fails to disclose the order alleged to have been violated, the rules or regulations pursuant to which the order was issued, and violation by the defendant of the specific provisions of such order.

In reaching our conclusion, we do not condone the maintenance of substandard hovels, even in slum areas, nor do we declare that a municipality is impotent to correct the evil deleterious to the health and hazardous to the life of the unfortunate who may be compelled to live in squalor—but it is recognized that a serious social, as well as economic, problem is inherent

in any satisfactory solution. For example, in one of the instant cases the landlord, who received only a modest rent wholly insufficient to warrant remodelling of the premises, in an effort to comply with the order, filed notices to vacate and also filed a restitution action against one of the tenants who was an aged woman suffering from cancer. It is not surprising that under such circumstances the Municipal Court itself continued the action from time to time, apparently making it impossible for the landlord to comply with the alternative provision of the order to vacate the premises. The other tenant consisted of a family of five children, but notwithstanding the difficulty of securing other housing, this tenant eventually vacated the premises.

Upon the records before us for review, the findings that the defendant violated the provisions of any lawful orders of the commissioner of health are manifestly against the weight of the evidence. The judgments of the Common Pleas Court and the Municipal Court are reversed and each cause is remanded to the Municipal Court for a new trial.

*Judgments reversed and causes remanded.*

CONN and DEEDS, JJ., concur.