THE STATE OF OHIO, APPELLEE, *v.* CAREY, APPELLANT.*

(Nos. 545, 548 and 550—Decided June 19, 1958.)

*Appeal dismissed, 168 Ohio St., 254.

*Mr. James H. DeWeese,* prosecuting attorney, for appellee.
*Mr. William H. Thornburgh,* for appellant.

HORNBECK, P. J.   Three appeals are presented.   The first (No. 545) from sentence of defendant upon a verdict against him of "guilty as charged in the indictment."   The second (No. 548) from an order overruling defendant's motion for new trial, of date September 16, 1957, upon the ground of newly discovered evidence.   The third (No. 550) from the overruling of a supplemental motion for new trial, of date October 17, 1957, on the ground of newly discovered evidence.   The appeals have been consolidated, and we consider them together.

The defendant was indicted for the offense of sodomy, alleged to have been committed "in the year 1955 in the county of Miami on a Sunday night in January and on four successive Sundays * * *, said acts having occurred in the car of John Ray Carey while parked in Fountain Park in Piqua, Ohio, and on various roads in the area of Piqua."   Some ten days before the trial, defendant made the following motion requesting the court to require the prosecuting attorney to furnish counsel for defendant a bill of particulars setting forth the following information:

"1. The year, make, model, color, and name of the owner of the automobile in which such acts occurred as set forth in the indictment.

"2. The names of the various roads in the Piqua area on which such acts occurred as set forth in the indictment."

This motion was overruled, and was again presented immediately prior to the trial and overruled.

After the conviction of the defendant by the jury and the court had referred him to the Lima State Hospital under the provisions of Section 2947.25, Revised Code, the report thereon made and filed with the court, and after defendant's motion for new trial had been filed and overruled, the trial judge sentenced him to the Ohio Penitentiary for a period of not less than one nor more than 20 years.   From these orders, sentence and judgment, the appeals are prosecuted.

Appellant assigns six grounds of error:

1. The overruling of defendant's motions for a bill of particulars.

2. Rejection of testimony offered by defendant.

3. The overruling of defendant's motions for directed verdict interposed at the close of the state's case and at the end of the whole case.

4. In refusing to remove from consideration of the jury certain acts of the defendant upon his motion at the close of the state's case and at the conclusion of the whole case.

5. The overruling of defendant's motion for a new trial.

6. The overruling of motions of defendant for new trial based upon newly discovered evidence set out in first motion for new trial and in the supplemental motion for new trial.

The first assignment of error is directed to the ruling of the trial judge on the motions of defendant for a bill of particulars.

The Supreme Court has not clarified with particularity the full meaning and import of that part of Section 2941.07, Revised Code, which reads:

"* * * The prosecuting attorney, if seasonably requested by the defendant, or upon order of the court, shall furnish a bill of particulars setting up specifically the nature of the offense charged."

This proviso follows the short forms of indictment prescribed in charging the offenses named in the statute. The forms therein provided lessen, materially, the requisite averments theretofore required in charging the specific offenses set out in the section. It is obvious, therefore, that the added proviso is to afford to the defendant information much of which had theretofore been required in charging the offenses. The offense of sodomy is not included in the statute nor is any short form prescribed in any section of the Code. Here the indictment fully sets out the material allegations, and more than is required. There is some question if that part relating to a bill of particulars has application. The allegations here are as complete as they were when *State* v. *Boyatt*, 114 Ohio St., 397, 151 N. E., 468, was decided, holding that a bill of particulars could not be demanded.

The proviso requires that the bill of particulars shall set up

specifically the *nature* of the offense charged. The Supreme Court, in two cases, *State* v. *Petro,* 148 Ohio St., 473, 76 N. E. (2d), 355, 5 A. L. R. (2d), 425, and *State* v. *Whitmore,* 126 Ohio St., 381, 185 N. E., 547, has held that the obligation to provide a bill of particulars, if authorized under the statute, is mandatory, failure to comply therewith, if prejudicial, is reversible error. We construed this section of the statute in *State* v. *Collett,* 44 Ohio Law Abs., 225, 58 N. E. (2d), 417.

The indictment in the *Collett case* was for murder in the first degree and the judgment was a sentence on a verdict of guilty of murder as charged. That part of the bill of particulars requested related to the time when the offense alleged was committed, which specific fact was known to the state. The majority held that the request should have been granted, but that, under the facts developed, the ruling was not prejudicial to the defendant. We said that a defense of alibi having been asserted, a bill of particulars should have been forthcoming stating within reasonable limits a time during which the offense charged is claimed to have been committed.

We also said that the defendant was entitled to a bill of particulars which would set out the ultimate requested facts, although not the evidence to support them, upon which the state expected to rely in establishing its case against the defendant.

In the third paragraph of the syllabus in *State* v. *Petro* (148 Ohio St., 473), *supra,* the court said:

"Whether the failure of the court to order the prosecuting attorney to furnish a bill of particulars setting up specifically the nature of the offense charged is prejudicial error requiring reversal by a reviewing court, depends upon the facts of the particular case."

So, here, we must consider the application for the bill when made in such light.

At the time the motion was first made there had been no notice of a purpose to assert the defense of alibi as appeared in the *Collett case.* Without the detailed information sought to be elicited by his motions, the defendant asserted an alibi which was to the effect that he had not been, at the times alleged, in Piqua nor in the vicinity thereof. This removed any

necessity for the information requested in the second branch of the motion at the time it was renewed. The testimony of defendant, if believed by the jury, supported his alibi.

The first branch of the motion was properly denied. It called for evidentiary matter only.

The second branch of the motion, if met, could only be of advantage to the defendant upon the question of venue if it developed that some of the various roads in the Piqua area on which one or more of the offenses charged was committed was not in Miami County. There is no suggestion that the proof of the state, as forthcoming, raised any question of lack of venue.

The testimony of the prosecuting witness as to the location of the various roads in the Piqua area on which the acts alleged occurred was not specific. If that information had been afforded to defendant, it would not have been helpful. It is our judgment that both motions sought to require evidentiary proof and not ultimate facts.

If there could be any question of the right of the defendant to a bill of particulars in either respect sought, the development of his defense and the proof of the state's case demonstrate that he was not prejudiced by the overruling of the motions.

The state proved that the defendant was the owner of a Chevrolet and a Ford, the time when he acquired each of them and the time when he disposed of the Chevrolet. All this information was known to the defendant when he went to trial, and if a variance as to ownership developed he had the information to meet it, and the jury could have considered it as it affected the testimony of the prosecuting witness.

The overall testimony of the defendant tending to prove his alibi was of such nature that the failure to have the roads where the alleged offenses occurred specifically stated in advance of trial could not have been prejudicial.

The second error assigned is directed to the refusal of the trial judge to permit counsel for defendant to make certain notations on a blackboard in the presence of the jury.

The record does not show what subject matter was proposed to be placed on the board. Unless and until we had a more definite statement of the matter which the trial judge re-

fused to be permitted to be placed on the board, we cannot say that error prejudicial to the defendant intervened. The trial judge had discretionary authority in determining whether that which counsel was proposing to exhibit to the jury unnecessarily stressed certain evidentiary subject matter. *Cincinnati Street Ry. Co.* v. *Waterman,* 50 Ohio App., 380, 198 N. E., 494.

This assignment also challenges the rulings of the court limiting the scope of defendant's cross-examination of the prosecuting witness. An examination of the record discloses that no exception was taken to the rulings when made. The same is true of the redirect examination of defendant, wherein the rulings of the court are now questioned.

Exception is also taken to the action of the trial judge in overruling defendant's objection to permitting Eldon Cost to testify. This assignment is evidenced in the following manner: The witness had taken the stand, and counsel for the state had said to him that he need not be frightened but to speak up so that he could be heard, when counsel for defendant entered an objection to permitting him to testify. The court overruled the objection. A few questions were then propounded, answers to which disclosed that the witness was 15 years old, whereupon the court inquired of counsel for the defendant if he had any questions, to which he said:

"Mr. Thornburgh: Yes, I have a few questions that I would like to ask him.

"Mr. DeWeese: I think it is up to the court to qualify the questions.

"The Court: It would have to be out of the hearing of the jury.

"Mr. DeWeese: At this stage there is usually no disqualifications."

These quotations from the record disclose all that appeared respecting any disqualification of this witness. When his testimony was admitted, it had been proved that the witness was more than 10 years of age. This made him prima facie a competent witness. In the absence of some showing then, or later, of some disqualification, no reason appears which would disqualify him as a witness. Section 2317.01, Revised Code.

Objection is also interposed in this assignment to permitting a witness, Walter Masseau, to testify as to the significance of a numeral "1" stamped on a bus ticket which defendant testified he had purchased at the office of which the witness was the terminal manager. The testimony established, if true, that the defendant did not buy the ticket at the hour stated by him. The witness was the manager of the office in which the clerks who sold tickets at that office were stationed. He had charge of and produced the records which disclosed that the number of the clerk selling the ticket was "1," and Masseau testified that this clerk was on duty at certain hours and that he had an individual time stamp which was not available to any other clerk. Certain of the records of the company for which the witness and the clerk worked were offered in evidence. We are satisfied that the evidence was properly received.

The third assignment is that the court erred in overruling defendant's motions for a directed verdict made at the conclusion of the state's case and at the close of all the evidence. These motions questioned the probative effect of the evidence to establish the state's case because of disparity of facts in the testimony of the prosecuting witness at the trial and in his plea of guilty to a charge in Juvenile Court which recited that "by his own admission [he] admits that he has been involved in homo-sexual activities with men since he was ten years old."

The witness stated in his examination-in-chief that his first act of homosexuality with the defendant was the first one in which he had engaged. He was then 13 years of age. Manifestly, both these statements could not have been true, but they did not, as a matter of law, negate all the other testimony which he had given respecting the commission of the acts set out in the indictment.

The fourth assignment is directed to the overruling of defendant's motion for a directed verdict because of the failure of the testimony of the state to establish the charges in the indictment, namely, that the offenses alleged occurred on a Sunday night in January and on four consecutive Sundays.

The testimony of the prosecuting witness is to the effect that there were four specific acts, the fourth about a month and

a half after the third, followed by some six or more other like acts at later dates. The offenses alleged occurred more than two years prior to the date of the trial and, manifestly, the exact times presented difficulty of proof both for the state and the defense. Under our statute, Section 2941.03, Revised Code, an indictment is sufficient if it can be understood therefrom: "(E) That the offense was committed at some time prior to the time of finding of the indictment or filing of the information." It is manifest that the state was not obligated to make specific proof of time as alleged, provided the offenses charged were established as having occurred within a reasonable time in relation to the dates fixed in the indictment.

The proof did not establish that the offenses were committed in January 1955, and on four successive Sundays. It should be noted that the state charged five separate and distinct acts of sodomy, when it alleged that the acts took place on a Sunday night in January and on four consecutive Sundays. These charges, incorporated in their entirety in one charge, could have been set out in five separate counts.

The testimony of the prosecuting witness, in chief, was first that he first saw the defendant on a Sunday evening, and then on one succeeding Sunday afternoon, but not on the second succeeding Sunday. On cross-examination he testified that he saw the defendant on two successive Sundays following the first, and that he had an appointment with him for the third successive Sunday, but the defendant did not show up and that he next saw him six weeks later after he had returned from a visit to Texas. This afforded evidence of specific acts of sodomy on four Sundays, although the last one was not on a successive Sunday. The prosecuting witness also said that after the meeting with the defendant when he had returned from Texas they engaged in acts of sodomy 6, 7 or 8 times. There is some variation in the testimony of the prosecuting witness as to the order in which the acts were committed. The trial judge in the general charge said to the jury that:

"It is sufficient that if the state prove on or about the dates alleged in the indictment, so long as it is not so remote as to have taken the defendant by surprise so as to prejudice him in

making a defense of his case. The fact that it was not on all of the dates would not be fatal to the state's case. All that would be necessary is that it has been proven beyond a reasonable doubt that the defendant committed the act or acts, then he is guilty of the crime of sodomy."

He also said:

"On the matter of time, to which reference has been made, you will recall that the indictment charges that the crime or crimes occurred on a Sunday in January and on four successive Sundays. There was no evidence that any crime occurred on the last Sunday mentioned in the indictment so your consideration of the case should be limited to a Sunday in January, 1955, and three successive Sundays, to determine whether this crime or crimes took place on one or more of said Sundays."

This charge conformed to the testimony of the prosecuting witness that there had been specific acts of sodomy on four Sundays. But the fourth Sunday did not succeed the other three. If it were necessary to support the verdict that it appear that the offenses alleged following the first occurred on four successive Sundays, it is not proved nor is it established that they occurred on a Sunday in January and three successive Sundays—four successive times in all—independent of the general testimony of the additional acts.

As we view the indictment, in the term, "successive Sundays," the adjective, "successive," was not material to the proof, and the charge of the court as to the number of offenses to which the proof was directed was not prejudicial to the defendant. Especially is this so because it did not in any wise prejudice the defense of alibi. Had the indictment charged that the offenses were committed on January 2, 9, 16, 23 and 30, and there had been proof of five acts, although a variation in time of the commission or that the acts were not successive, it could not be urged that this would have been a fatal variance. The indictment as drawn was distinctly to the advantage of the defendant who could have been, under the evidence, charged with and convicted of four or more offenses, with the sentences thereon to run consecutively. He was sentenced as upon the commission of one offense. We cannot find that any error in-

tervened to the prejudice of the defendant under the fourth assignment of error.

Before passing to the fifth assignment of error, we consider those assignments which arise upon the motion for new trial on the ground of newly discovered evidence and the affidavits in support thereof. The essentials to the granting of a motion for new trial in a criminal case based on the ground of newly discovered evidence are set out under six heads in the syllabus in State v. Petro (148 Ohio St., 473), *supra*. It is doubtful if appellant's motions conform to requisites 1, 2 and 3, and it is certain that they do not meet the requirement of 6, because, if the affidavits are true, they are merely impeaching in effect.

The fifth assignment is that the court erred in overruling defendant's motion for a new trial because of errors of law in the trial and because the verdict was against the manifest weight of the evidence. We have discussed the assigned errors of law. We will not comment at length upon the weight of the evidence other than to say that upon the record there are clearly projected issues of fact which were for the determination of the jury. Certain dates are fixed—the time when defendant acquired the Chevrolet automobile late in December 1944; the time when he disposed of the Chevrolet, February 21, 1955, at which time he acquired the new Ford. These dates, together with the other testimony on behalf of the plaintiff afforded support for the allegations that the acts, if committed, occurred on or about the dates alleged in the indictment.

Manifestly, in a case such as this, the intimate relations involved precluded corroboration of the testimony as to the specific acts involved. This situation of necessity placed upon the jury the obligation of making determination who of the parties implicated in the acts of sodomy alleged was telling the truth. The facts collateral to the immediate question were fully developed. Counsel for both parties capably protected the interest of their clients. The general charge of the trial judge was complete and sound and fully protected the defendant in his rights. The charge respecting the admission of acts of sodomy with others than the prosecuting witness was restricted to the applicable statute, Section 2945.59, Revised Code. *Barnett* v.

*State,* 104 Ohio St., 298, 135 N. E., 647, 27 A. L. R., 351; *State* v. *Giles,* 83 Ohio App., 39, 82 N. E. (2d), 132.

Full consideration of this record precludes the granting of a new trial under subparagraphs (B), (C), (D) and (E) of Section 2945.83, Revised Code.

The judgment is affirmed.

*Judgment affirmed.*

WISEMAN and CRAWFORD, JJ., concur.