CITY OF CINCINNATI, APPELLANT, v. LIPPS, APPELLEE.

(No. 11095—Decided December 14, 1970.)

*Mr William A. McClain, Mr. Ralph E. Cors* and *Mr. William P. Whalen,* for appellant.

*Messrs. Chatfield, Marshall, Geygan & Moran,* for appellee.

*Per Curiam.* This is an appeal upon leave first granted from an order of the Hamilton County Municipal Court granting a motion to quash an affidavit and discharging the accused.

Defendant, appellee herein, was charged with a violation of section 901-il (Indecent Behavior) of the code of ordinances of the city of Cincinnati, the affidavit being signed by an officer of the Cincinnati park police. The defendant moved to quash the affidavit on the ground that it was insufficient to inform him of the nature of the charge against him. It is from the order granting the motion and dismissing the charge that the city has appealed.

Section 901-il of the city code provides:

"Whoever shall commit or perpetrate any indecent, immodest, lewd, or filthy act, in the presence or view of any other person, or in such a situation that a person passing or repassing might ordinarily see the same, or shall utter or speak any bawdy, lewd, or filthy word or discourse, within the hearing of any other person, shall be fined in any sum not exceeding fifty dollars ($50.00), or be imprisoned not less than one (1) nor more than thirty (30) days, or both."

The body of the affidavit filed herein is as follows:

"Frank P. Kammer III, being first duly cautioned and

sworn, deposes and says that Arthur Joseph Lipps on or about October 19, 1969 at and in the City of Cincinnati, Hamilton County and State of Ohio, did unlawfully commit an indecent act in the view of another person, to wit: Frank P. Kammer III, contrary to and in violation of Section 901-il of the Code of Ordinances of the City of Cincinnati.''

The single question presented is whether an affidavit alleging a violation of an ordinance in the language of such ordinance is sufficient to inform an accused of the nature of the charge against him.

Defendant contends that the allegation that he ''did commit an indecent act'' is a conclusion and so vague, uncertain and indefinite as to fail to apprise him of what he may have done to offend. He points out, correctly, that he is not entitled to a bill of particulars in the premises. See *In re Schott*, 16 Ohio App. 2d 72. Therefore, he urges, he is deprived of his right to due process of law by not being advised of the specifics of the charge so that he could prepare a defense.

The city advances as dispositive of the issue the case of *Cincinnati* v. *Schill*, 125 Ohio St. 57. In that case, it was argued that before an accused can be held to answer to a charge of disorderly conduct the affidavit must state with particularity the acts constituting the alleged violation of the ordinance. In rejecting the argument, the author of the opinion recognized that every accused person is entitled to be fairly informed as to the nature of the complaint made against him, but also observed that the words used in the affidavit had ''no deep, diabolical or technical meaning.''

We conclude that paragraph two of the syllabus of *Cincinnati* v. *Schill, supra,* provides the answer to the question here.

''2. If the exact words of a city ordinance are used in charging an offense, it is not enough to attack the legal sufficiency of the affidavit. The *ordinance* must be attacked, for it is the *ordinance* that is at fault and not the affidavit.'' (Emphasis ours.)

In *Schill, supra,* the defendant attacked the legal sufficiency of the affidavit after trial and judgment of convic-

tion by a plea denominated "motion to quash." The Supreme Court determined that, as a matter of law, such a motion is one in arrest of judgment, thereby prompting the language contained in paragraph three of the syllabus.

"3. If such affidavit were indefinite, the question is not raised in this case. Such question can be raised only by motion to quash before issue joined. (*State of Ohio* v. *Messenger,* 63 Ohio St. 393, 59 N. E. 105, approved and followed.)*

In *State* v. *Messenger, supra,* the first paragraph of the syllabus reads as follows.

"1. Indefiniteness in the averments of an indictment should be taken advantage of by a motion to quash and not by demurrer."

Currently, R. C. 2941.28 provides for the amendment of an indictment where any uncertainty exists therein, but no similar authority exists for the amendment of an affidavit charging a misdemeanor.

Therefore, the pronouncement of the Supreme Court in paragraph three of the syllabus of *Cincinnati* v. *Schill, supra,* can not be applied to an affidavit upon authority of *State* v. *Messenger, supra,* and since it relates to a question not before the court, we consider it to be surplusage.

The order of the Hamilton County Municipal Court granting the motion to quash the affidavit and dismissing the defendant is reversed and this cause remanded for further proceedings according to law.

*Judgment reversed*
*and cause remanded.*

SHANNON, P. J., HILDEBRANT and HESS, JJ., concur.

---

*Note error in citation. *State* v. *Messenger* is reported in 63 Ohio St. 398.