OPINION
Defendant-appellant, Timothy F. Schneder, appeals his conviction in the Clermont County Municipal Court for failing to file his 1993 income tax return in violation of Section 181.99(a)(1) of the Income Tax Ordinance (the "ordinance") of the city of Milford (the "city"), Clermont County, Ohio.
The record shows that appellant filed income tax returns with the city from 1978 to 1992. When appellant filed his 1992 tax return, he made a declaration for 1993 showing an anticipated income of $38,000. Carol Woerner, the city's tax administrator, testified that when appellant filed his 1992 tax return along with his declaration of anticipated income for 1993, he also sent his first quarterly payment based on his estimated tax liability for 1993.[1] Thereafter in 1993, the city received appellant's remaining quarterly payments when and as required. Appellant, however, never filed his income tax return for 1993.
On September 22, 1994, Woerner sent a letter to appellant requesting that he come in her office with information pertaining to his 1993/1994 tax status on or before October 4, 1994. Appellant did not comply with Woerner's request. On August 22, 1995, the city sent a subpoena duces tecum to appellant ordering him to come to the income tax office on September 20, 1995 and to bring a federal tax return or his W-2 form for 1993/1994. Appellant went to the income tax office on September 20, 1995 but did not bring with him any of the information requested in the subpoena. During the meeting, appellant stated to Woerner that he was not employed but that he worked.
On November 7, 1995, Woerner filed a complaint against appellant in the Milford Mayor's Court. After several unsuccessful efforts by the city to bring appellant to trial, including the issuance of a bench warrant for failure to appear, appellant finally appeared in the mayor's court on March 20, 1996. That day, appellant filed a demand for a jury trial requesting that his case be transferred to municipal court ("trial court"). Two days later, the trial court scheduled the case for a plea on April 8, 1996. Appellant failed to appear on that day and a bench warrant was issued for his arrest.
On April 8 and 22, 1996, appellant filed two "pleadings" with the trial court. These "pleadings" were set for a hearing on May 22, 1996. Once again, appellant failed to appear and another bench warrant was issued for his arrest. The bench warrant was recalled on June 27, 1997 when appellant appeared before the trial court.
The case was eventually tried to a jury on November 3, 1997. At trial, the city presented the testimony of Woerner. At the close of the city's case, appellant moved for a judgment of acquittal under Crim.R. 29(A). The trial court denied the motion. Thereafter, appellant, who represented himself, rested his case. Appellant did not testify on his behalf nor did he present any witnesses. The jury found appellant guilty of failing to file his 1993 income tax return in violation of Section 181.99 of the ordinance. Thereafter, the trial court sentenced appellant to thirty days in jail and fined him $250. Both the fine and the jail sentence were suspended on the condition that appellant file his 1993 income tax return with the city within forty-five days.
Appellant timely filed this appeal[2] and raises three assignments of error. In his first assignment of error, appellant argues that the trial court erred in failing to dismiss the case for lack of a proper complaint. Appellant contends that the complaint is insufficient and void because it does not contain every element of the offense charged but merely reiterates the language of the ordinance.
Crim.R. 3 defines a criminal complaint as "a written statement of the essential facts constituting the offense charged" which must "state the numerical designation of the applicable statute or ordinance" and be "made upon oath before any person authorized by law to administer oaths."
The purpose of a complaint or indictment is to inform the accused of the offense with which he is charged. State v. Morris (1982), 8 Ohio App.3d 12, 16. However, the requirements of a complaint are not as strictly construed as these for an indictment. Toledo v. Tucker (1954), 99 Ohio App. 346, 347. The complaint need not recite all of the specific facts by which the state intends to prove the charge at trial. State v. Burgun (1976), 49 Ohio App.2d 112, 118. A complaint is insufficient only if it fails to state all of the essential elements of the crime charged. Id. at 117.
The complaint filed against appellant states that "Timothy F. Schneder in the City of Milford * * * on or about September 20, 1995 [did] Fail, neglect or refuse to make any return or declaration by this Ordinance; In violation of Section XII-A-1 of the Milford Code of Ordinance No. 89-1277[.]" Section 181.99(a)(1) of the ordinance[3] makes it a violation "for any person to * * * Fail, neglect or refuse to make any return or declaration required by this chapter[.]"
A complaint alleging a violation of an ordinance in the language of such ordinance is sufficient to inform an accused of the nature of the charge against him. Cincinnati v. Lipps (1970),26 Ohio App.2d 128, 129. As the Supreme Court of Ohio held in Cincinnati v. Schill (1932), 125 Ohio St. 57, paragraph two of the syllabus, "[i]f the exact words of a city ordinance are used in charging an offense, it is not enough to attack the legal sufficiency of the affidavit." Lima v. Ward (1967), 10 Ohio St.2d 137,138. Nor is an affidavit, drawn in the words of an ordinance, void for indefiniteness. Id.
The complaint in this case contains the numerical designation of the applicable city ordinance, the essential elements of the offense as set forth in the ordinance, and appears to have been properly made under oath. We therefore find that although all the specific facts relied upon to sustain the charge against appellant were not contained in the complaint, the complaint is legally sufficient because it charges in words sufficient to give appellant notice of all of the elements of the offense with which he was charged. See Hamilton v. Bradley (Apr. 11, 1994), Butler App. No. CA92-11-217, unreported. Appellant's first assignment of error is overruled.
In his second assignment of error, appellant argues that there was insufficient evidence to find him guilty of failure to file an income tax return. In his third assignment of error, appellant argues that the trial court erred in denying his Crim.R. 29(A) motion.
An appellate court's standard of review of a claim of insufficient evidence is set forth in State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. (Jackson v. Virginia [1979], 443 U.S. 307, 99 S.Ct. 2781 * * * followed).
Under Crim.R. 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt. State v. Bridgeman (1978), 55 Ohio St.2d 261, syllabus. "The evidence must therefore be extremely strong in favor of a defendant in order for a motion for acquittal to be granted." State v. Workman (1980), 14 Ohio App.3d 385, 393-394. In reviewing a ruling on a Crim.R. 29 motion for judgment of acquittal, the reviewing court construes the evidence in a light most favorable to the state. State v. Jones (Sept. 20, 1993), Clermont App. No. CA92-12-117, unreported, at 11.
In his second and third assignments of error, appellant argues that in light of the ordinance's failure to define "wages" and "salary," which terms are used in the definition of "taxable income," there was no evidence that he was a taxpayer with a taxable income required to file the 1993 income tax return. We disagree.
Appellant is correct that the terms "wages" and "salary" are not defined in the ordinance although they are used in the definition of taxable income. Section 181.02(a)(16) of the ordinance defines taxable income in relevant part as "wages, salaries and other compensation paid by an employer * * *." Section 181.02(a)(18) in turn defines taxpayer as "a person, * * * required * * * to file a return or pay a tax."
Section 181.10(a) of the ordinance requires "[a]ny person who earns taxable income [to] make and file a return pursuant to this chapter." Section 181.10(b) in turn requires "[e]ach taxpayer * * * whether or not a tax be due * * * [to] make and file a return * * *."
In light of the foregoing sections, it would appear that appellant's argument has some merit. However, in light of the clear and unequivocal language of Sections 181.16 and 181.18 of the ordinance, we find that there was sufficient evidence presented at trial to deny appellant's Crim.R. 29 motion and to support his conviction for failure to file his 1993 income tax return.
Section 181.16 of the ordinance governs declarations and provides in relevant part:
 (a) Requirements for Filing. Every person who anticipates any taxable income, or who engages in any business, profession, enterprise or activity subject to the tax imposed by Section 181.03 shall file a declaration setting forth such estimated income or the estimated profit or loss from such business activity together with the estimated tax due thereon.
* * *
 (d) Payment with Declarations. Such declarations of estimated tax to be paid the City shall be accompanied by a payment of at least one-fourth the estimated annual tax and at least a similar amount shall be paid on or before the last day of the seventh, tenth and thirteenth months after the beginning of the taxable year; provided, however, that in case an amended declaration has been filed, the unpaid balance shown due thereon shall be paid in equal installments on or before the remaining payment dates.
 (e) Annual Return Required. On or before the last date of the fourth month of the year following that for which such declaration or amended declaration was filed, an annual return shall be filed and any balance which may be due the City shall be paid therewith in accordance with the provisions of Sections 181.10 to 181.14. (Ord. 89-1277. Passed 11-21-89.)
(Emphasis added.)
Section 181.18 of the ordinance governs the investigative powers of the tax administrator and provides in relevant part:
 (a) Examination of Taxpayer's Records. The Administrator, or any authorized employee, is hereby authorized to examine the books, papers, records and Federal income tax returns of any employer or of any taxpayer or person subject to, or whom the Administrator believes is subject to the provisions of this chapter for the purpose of verifying the accuracy of any return made, or if no return was made, to ascertain the tax due under this chapter. Every such employer, supposed employer, taxpayer or supposed taxpayer is hereby directed and required to furnish upon written request by the Administrator, or the Administrator's duly authorized agent or employee, the means, facilities and opportunity for making such examinations and investigations as they are hereby authorized.
* * *
 (c) Result of Refusal to Submit Information. The refusal to produce books, papers, records and Federal income tax returns, or the refusal to submit to such examination by any employer or person subject or presumed to be subject to the tax or any officer, agent or employee of a person subject to the tax or required to withhold tax or the failure of any person to comply with the provisions of this section or with any order of subpoena of the Administrator authorized hereby shall be deemed a violation of this chapter, punishable as provided in Section 181.99.
(Emphasis added.)
The evidence presented at trial indicated that when appellant filed his 1992 income tax return, he also filed a declaration of his anticipated $38,000 income for 1993 and sent his first quarterly payment of the estimated tax in accordance with Section 181.16(a) and (d) of the ordinance. The evidence also indicated that thereafter in 1993, the city received appellant's three remaining quarterly payments of the estimated tax as and when required under Section 181.16(d) of the ordinance. Yet, the evidence clearly indicated that appellant did not file his annual return for 1993 as required under Section 181.16(e) of the ordinance, nor did he provide the tax administrator with the requested information in violation of Section 181.18(a) and (c) of the ordinance.
Based upon the foregoing and in accordance with the standards of review articulated above, we find that the trial court properly denied appellant's motion for acquittal and that appellant's conviction for failing to file his 1993 income tax return with the city was supported by sufficient evidence. Appellant's second and third assignments of error are overruled.
Judgment affirmed.
POWELL, P.J., and WALSH, J., concur.
[1] Section 181.03(a) of the ordinance imposes an annual tax of one percent on the city's residents. Based on appellant's anticipated income of $38,000 for 1993, his estimated tax liability for 1993 was $380.
[2] In its brief, the city states that "[i]t is evident * * * that the Appellant is an anti-government tax protesting member of the underground common law court system." We find the foregoing statement to be out-of-line and inappropriate. The city also states that "[m]uch of the Appellant's Argument is written in the code commonly utilized by the common law true believer and is, for the most part, indecipherable and unintelligible." While appellant's arguments on appeal may, at first blush, appear difficult to understand, they are far from being indecipherable and unintelligible. Understanding appellant's arguments only takes some concentration on the part of the reader.
[3] Woerner testified that while the numerical designations used in the complaint and in the ordinance are different, both designations refer to the same provision of the city's income tax code. Woerner explained that following the codification of the city's income tax ordinance, the numerical designations changed while the language of the ordinance remained identical.