OPINION
Defendant-appellant Luther Shutler appeals his conviction and sentence on one count of child endangering entered by the Stark County Court of Common Pleas, following a jury trial. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE
On January 30, 2001, the Stark County Grand Jury indicted appellant on one count of gross sexual imposition, in violation of R.C. 2907.05, and one count of child endangering, in violation of R.C. 2919.22(A). Appellant entered a plea of not guilty to the charges at his arraignment on February 2, 2001. The matter proceeded to jury trial on March 22, 2001. After hearing all the evidence and deliberations, the jury found appellant not guilty of gross sexual imposition, but guilty of child endangering. The trial court sentenced appellant to a period of incarceration of six months. The trial court memorialized the verdict and sentence via Entry filed March 28, 2001.
It is from this conviction and sentence appellant prosecutes this appeal, raising the following assignment of error:
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR AND DEPRIVED APPELLANT OF DUE PROCESS OF LAW GUARANTEED BY THE UNITED STATES AND OHIO CONSTITUTIONS BY FINDING APPELLANT GUILTY OF CHILD ENDANGERING, AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE, WHERE THE STATE FAILED TO OFFER SUFFICIENT EVIDENCE TO PROVE EACH AND EVERY ELEMENT OF THE CHARGED OFFENSE BEYOND A REASONABLE DOUBT.
 I
Herein, appellant raises sufficiency and manifest weight of the evidence claims.
In State v. Jenks[1], the Ohio Supreme Court set forth the standard of review when a claim of insufficiency of the evidence is made. The Ohio Supreme Court held:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.[2]
When applying the aforementioned standard of review to the case subjudice, based upon the facts noted infra, we do not find, as a matter of law, appellant's conviction was based upon insufficient evidence.
On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment.[3] Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact.[4]
Appellant was convicted of child endangering, in violation of R.C.2919.22(A), which provides:
 (A) No person, who is the parent, guardian, custodian, person having custody or control, or person in loco parentis of a child under eighteen years of age or a mentally or physically handicapped child under twenty-one years of age, shall create a substantial risk to the health or safety of the child, by violating a duty of care, protection, or support. * * *
Appellant submits the State failed to prove beyond a reasonable doubt he was "the parent, guardian, custodian, person having custody or control, or person in local parentis" of the minor victim, Brittany Shutler. Appellant further contends the State failed to prove beyond a reasonable doubt the offense occurred or about July 1, 2000, to on or about September 10, 2000. We shall address each assertion in turn.
Upon review of the trial transcript, we find sufficient evidence was presented to establish appellant is Brittany's parent. Jimmy Pugh, appellant's cousin, testified he lived on the second floor of a duplex on Washington, and appellant, his wife, and their two children, Brittany and Kaylee, resided on the first floor. Officer James Jones of the Alliance Police Department testified he responded to 156 W. Washington St., Alliance, Ohio, to the residence of "Casey Shutler, Brittany and [appellant]."[5] Lyn Myers, an intake social worker with the Stark County Department of Job and Family Services, was assigned to investigate a possible child sex abuse allegation involving the Shutler family. Myers interviewed appellant on October 10, 2000. During the interview, Myers asked appellant if he was ever caught masturbating in front of his kids, to which appellant responded he could not remember, but indicated such might have happened.[6] Myers also learned appellant and his wife shared a bedroom with their children. Myers recalled appellant told her he loved his children.[7]
Detective Greg Anderson of the Alliance Police Department testified he was assigned to investigate allegations of possible sex abuse involving Brittany Shutler. Anderson stated he and Myers interviewed appellant together. Appellant told Anderson he could not remember if anyone caught him masturbating in front of his daughter.[8] Appellant informed the detective he had never touched his children in a sexual manner. Amy Mangus testified she is employed with Healthy Tomorrows, a mother mentoring program. Mangus stated she was the mother mentor for Casey Shutler. Mangus noted she had been working with Casey, who has two children, for 2 1/2 years. Mangus further stated Casey is married to appellant.[9]
We find the aforementioned evidence provided sufficient, competent and credible evidence from which the jury could reasonably find appellant is Brittany's parent, guardian, or custodian.
Appellant also challenges the State's alleged failure to present evidence of the precise time and date of the offense. Specifically, appellant contends the testimony of Jimmy Pugh was "plagued by material inconsistencies."[10]
We note "the state was not obligated to make specific proof of time as alleged, provided the offenses charged were established as having occurred within a reasonable time in relation to the dates fixed in the indictment."[11] The precise date and time of the offense are not essential elements of that crime.[12] Thus, a certain degree of inexactitude in averring the date of the offense is not per se
impermissible or fatal to the prosecution.[13] Further, where the inability to produce a specific time or date when the criminal conduct occurred is without material detriment to the preparation of a defense, the omission is without prejudice, and without constitutional consequence.[14]
Although Pugh had difficulty remembering exactly when the incident occurred, we find appellant's counsel brought forth the inconsistencies during cross-examination. The jury was free to accept or reject any or all of Pugh's testimony and assess Pugh's credibility. We find there sufficient, competent evidence to establish the offense occurred within a reasonable time in relation to the dates fixed in the indictment.
Based upon the foregoing, we find appellant's conviction was not against the manifest weight or sufficiency of the evidence.
Appellant's sole assignment of error is overruled.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas is affirmed.
Costs assessed to appellant.
Hon. William B. Hoffman, P.J., Hon. John W. Wise, J., Hon. John F. Boggins, J., concur.
[1] State v. Jenks (1981), 61 Ohio St.3d 259.
[2] Id. at paragraph two of the syllabus.
[3] State v. Thompkins (1997), 78 Ohio St.3d 380, 387 citing State v.Martin (1983), 20 Ohio App.3d 172, 175.
[4] State v. DeHass (1967), 10 Ohio St.2d 230, syllabus 1.
[5] Tr., Vol. I at 150.
[6] Tr., Vol. I at 156.
[7] Tr., Vol. I at 161.
[8] Tr., Vol. I at 168.
[9] Tr., Vol. I at 179.
[10] Brief of Appellant at 9.
[11] State v. Fowler (1985), 27 Ohio App.3d 149, 154, citing State v.Carey (1958), 107 Ohio App. 149, 156.
[12] State v. Barnecut (1988), 44 Ohio App.3d 149.
[13] State v. Sellards (1985), 17 Ohio St.3d 169, 171; State v.Lawrinson (1990), 49 Ohio St.3d 238.
[14] Id. at 172.