## State v. Nalls
### [Cite as 8 AOA 61]

*Case No. 11940*
*Montgomery County, (2nd)*
*Decided November 9, 1990*

*Ted E. Millspaugh, Assistant Prosecuting Attorney, Appellate Division, 41 N. Perry Street, Suite 315, Dayton, Ohio 45402, Attorney for Plaintiff-Appellee.*

*David Fuchsman, 2541 Shiloh Springs Road, Dayton, Ohio 45426-2197, Attorney for Defendant-Appellant.*

FAIN, J.

Larry Nalls was found guilty of two counts of compelling Linda Stark to engage in sexual conduct with him on August 10, 1989, by purposely compelling her to submit by force or threat of force. He was found not guilty of a kidnapping charge growing out of the same incident.

In his first two assignments of error, Nalls contends that the convictions are against the manifest weight of the evidence.

We find in the record evidence sufficient to support a finding of guilt as to both counts pursuant to which Nalls was convicted.

Nalls contends that Stark's testimony was too weak to support a finding that the first sexual conduct with Nalls in which she participated was compelled by the threat of the use of force, because she testified that she concluded solely from Nalls' tone of voice and demeanor that force was threatened if she did not comply with his sexual demands. Nalls points out that he and Stark had a consensual sexual relationship for some time before this incident, and he had never used force previously.

Stark testified that not long after she inferred that force was threatened, and, consequently complied with Nalls' demands, Nalls beat her severely because she was not performing the act of fellatio correctly, and because she refused Nalls' demand that she perform fellatio upon another individual. There was medical testimony corroborating that Stark had been severely beaten.

Under the circumstances, we conclude that there is evidence in the record from which the finder of fact could conclude that Stark was correct in inferring that she was subject to the threat of the use of force if she had not complied with Nalls' demands.

Nalls' first two Assignments of Error are overruled.

In his third Assignment of Error, Nalls contends that the trial court violated Crim. R. 32(A)(1) and R.C. 2947.05 by not giving him, personally, an opportunity to speak before sentence was imposed. It has been held that the failure of this duty by the trial court requires a reversal for resentencing. *Silsby v State* (1928), 119 Ohio St. 314.

At the beginning of the sentencing hearing, the trial court made the following statement:

"We are going to sentence you, Mr. Nalls. It is mandatory that we do that. Do you want to say anything before I sentence him?"

Thereafter, a discussion ensued between the trial court and Nalls' trial counsel, which included a request that concurrent sentences be imposed. Immediately after this request, and without affording Nalls an opportunity to personally address the court, the trial court imposed consecutive sentences of six to twenty-five years on each count. The trial court proceeded to advise Nalls of his right to appeal. Thereafter, the following interchange occurred:

"THE DEFENDANT. Excuse me, can I speak on the record?

"THE COURT. Sure.

"THE DEFENDANT. I would like to say that I do feel the Court was unfair to me and I would like to have an appeal.

"THE COURT. That's good! That will be done.

"THE DEFENDANT. For ineffective--

"THE COURT. Go ahead and add another year to each count if you want to keep talking."

The State contends that any error in connection with the trial court's failure to accord Nalls his statutory right to address the court in connection with sentencing must be governed by the plain error standard. However, it appears from the record that Nalls was sentenced before he was either given the opportunity personally to address the court, or told that he would not be given that opportunity.

Furthermore, when Nalls subsequently expressed a desire to address the court, and told the court, among other things, that he felt that the court had been unfair to him, he was cut off in fairly short order and informed that another year would be added to each count if he wanted to keep talking.

It appears from the record that Nalls was not accorded the opportunity to address the trial court personally before sentence was imposed, did not waive that right, and did not have the opportunity to object to the trial court's failure to accord him that right before sentence was imposed. Accordingly, Nalls' Third Assignment of Error is sustained.

Nalls' sentences will be reversed, and this cause will be remanded to the trial court for resentencing.

GRADY, J., concurs.

WILSON, J., dissents.

GRADY, J., concurring.

I agree that Appellant's First Assignment of Error should be overruled, but not on the reasoning of the majority opinion.

R.C. 2901.01(A) states: "'Force' means any violence, compulsion, or constraint physically exerted by any means upon or against a person or thing."

R.C. 2907.02(A) (2) requires proof that an offender "purposely" compelled a victim to engage in sexual conduct through force or threat of force. The statute thus imposes an element of *specific intent* to engage in the wrongful act. That element may be proved by direct or circumstantial evidence, but it may not be inferred from the beliefs and conclusions of the victim alone. The record must show by the conduct of the offender that he acted purposely to produce the prohibited results through the use of force or its threat.

The State has cited to us two cases, *State v. Eskridge* (1988), 38 Ohio St. 3d 56 and *State v. Fowler* (1985), 27 Ohio App. 3d 149, in support of its argument that use of force sufficient to satisfy R. C. 2902.02(A) (2) is shown if the rape victim's will was overcome by fear or duress. *Eskridge* and *Fowler* relied on the earlier decision of *State v. Martin* (1946), 77 Ohio App. 553, in which the court stated in its syllabus:

"While consent negatives rape, where a woman is affected by terror or is in fear of great bodily injury and harm, *brought into being by an accused.* who has placed his victim within his power and control, sexual intercourse under such circumstances is rape, when it is shown that her will was overcome by fear or duress." (Emphasis added.)

In *Martin*, the offender required the victim to engage in sexual intercourse after he falsely claimed he was a police officer and restrained her of her liberty. In *Estridge* and *Fowler,* parents engaged in sex with their young children. In *Fowler,* the offender threatened to beat his child. In *Estridge,* the Court found that undressing a four-year old child and placing her on a bed for sex was sufficient "force." Both courts also emphasized the diminution of resistance when parental authority is so misused to require compliance.

The State's argument misapplies the fear and duress rule of *Martin, Estridge,* and *Fowler.* The State would have us find "force" if it is shown that the victim *submitted* out of a sense of fear or duress. However, the victim's motivation addresses only her consent or lack thereof. It must also be shown that the offender employed force or its threat to produce such a result. R. C. 2909.02(A)(2) makes that requirement in its specific intent provision, and the cases cited by the State do not excuse it from that burden.

The record is insufficient to support a conclusion beyond a reasonable doubt that Appellant "purposely" used force or a threat of force before the first sexual encounter. No blows wore struck or threats made. The two had maintained a consensual sexual relationship in the past. Appellant had never struck or threatened the victim. The victim's testimony that she believed or concluded from Appellant's demeanor and tone of voice that Appellant would beat her unless she complied is insufficient to satisfy the statute. The victim may have honestly believed she was threatened. But there must be proof from which the jury may find beyond a reasonable doubt that Appellant threatened her. There is insufficient evidence before us.

The view that the beating administered later by the Appellant sufficiently corroborates the victim's fear is, while manifestly logical, also insufficient to satisfy the statute. The criminal intent necessary to the commission of a criminal act must exist at the time of the act. No subsequent intent can supply it, and it cannot be imputed to the party from a subsequent independent transaction. *United States v. Fox* (1878), 95 U.S. 670, 24 L. Ed. 2d 538. As most of the force proved was employed in the second rape, it cannot be used to prove the first.

There is, however, sufficient proof of the use of purposeful use of force to prove the first charge of rape. The victim testifies that during the act of fellatio the Appellant struck her because she wasn't doing it as he wished (T. 24). That act, alone, is sufficient to prove beyond a reasonable doubt that Appellant used force to compel the victim to submit to sexual conduct. Force may be prior to or in the course of the act so long as it is done to compel the victim to submit.

WILSON, J., dissenting.

The record reflects the fact that no objections were made during the sentencing proceedings. I see no "plain error" here as suggested by the appellant. I also believe that the record reflects substantial compliance with the requirement that the defendant be given an opportunity to speak before the imposition of sentence.