Defendant-appellant David Bowers appeals from his conviction and sentence upon two counts of Forcible Rape Upon a Person Under the Age of Thirteen, and one count of Rape of a Person Under the Age of Thirteen. Bowers contends that there is insufficient evidence of force in the record to sustain the two counts of Forcible Rape, and that there is insufficient evidence of sexual intercourse to sustain the count of Rape. We conclude that there is sufficient evidence in the record to sustain all three counts. Accordingly, the judgment of the trial court is Affirmed.
 I
Bowers was charged in a six-count indictment with two counts of Forcible Rape of a Person Under the Age of Thirteen, two counts of Rape of a Person Under the Age of Thirteen, and two counts of Sexual Battery of a Step-child. All six counts pertained to incidents alleged to have occurred over a period of several years between Bowers and his step-daughter, Megan S.
Following a jury trial, Bowers was convicted on all counts, and sentenced accordingly. From his conviction and sentence, Bowers appeals. His assignments of error are addressed to the two counts of Forcible Rape of a Person Under the Age of Thirteen, and one count of Rape of a Person Under the Age of Thirteen; the remaining counts are not at issue in this appeal.
 II
Bowers's First Assignment of Error is as follows:
 THE CONVICTION IN COUNT ONE MUST BE REVERSED BECAUSE THERE WAS INSUFFICIENT EVIDENCE THAT APPELLANT USED "FORCE" OR THE "THREAT OF FORCE" WHEN COMMITTING THE OFFENSE.
In support of this Assignment of Error, Bowers refers to the following testimony of the complaining witness:
 A. One night I was getting ready for bed and he said he needed to talk to me. And he came in and he started touching me and he took my clothes off and layed [sic] me on the bed and forced himself on me.
 Q. When you say he forced himself on you, Megan, would you please tell us what you mean?
A. He put his penis in my vagina.
Q. What did you do while this was happening?
A. I cried.
Q. Did you cry out loud?
A. No.
Q. Why not?
A. He told me to be quiet and he threatened me.
Q. How did he threaten you?
 A. He told me he'd kill me and my mom if I told anybody.
Q. Did you believe him?
A. Yes.
Q. Why?
 A. Because he had guns. And he used to be real violent; he'd like beat animals and stuff in front of us.
At the time of this incident, Megan was 11 years old. She and Bowers resided together in a household in which their relationship was that of step-father and step-daughter.
When a person exercising parental authority over a child has sexual intercourse with that child, the force or threat of force required to make out the offense of Forcible Rape is minimal.State v. Eskridge (1988), 38 Ohio St.3d 56, 58. In that case, the evidence established no more than that the defendant-father removed his daughter's panties, laid her on the bed, and had intercourse with her. These facts are not materially distinguishable from the facts in the case before us, in which Bowers allegedly removed his step-daughter clothes, laid her on the bed, and had intercourse with her.
Bowers argues that the express threat to kill the victim and her mother, concerning which the victim testified, could only have been intended to coerce the victim into not reporting the incident, and would not have been intended to coerce the victim into submitting to sexual intercourse. Even if we were to agree with Bowers's analysis of the threat, we conclude that the threat was not necessary to the conviction because, under Eskridge,supra, even the minimal force employed in removing the victim's clothes, laying her on the bed, and having intercourse with her, was sufficient.
Bowers's First Assignment of Error is overruled.
 III
Bowers's Second Assignment of Error is as follows:
 THE CONVICTION IN COUNT TWO MUST BE REVERSED BECAUSE THERE WAS ALSO INSUFFICIENT EVIDENCE THAT APPELLANT USED "FORCE" OR THE "THREAT OF FORCE" WHEN COMMITTING THAT OFFENSE.
Bowers argues that there is even less evidence in the record to support a finding of the use of force or the threat of force in connection with the incident upon which Count Two of the indictment is based. Significantly, the incident concerning which Count One was based, discussed in Part II, above, was alleged to have occurred several months before the incident upon which Count Two is based. The victim testified that at the time of the later incident Bowers was still threatening her, but she did not otherwise refer to force, other than to say that Bowers, in committing the offense, "forced himself" on her.
This offense also allegedly occurred during the time when Bowers and his victim were living together in a household in which they occupied the relationship of step-father and step-daughter. In that connection, the following observations in Eskridge, supra,
are significant:
 We also recognize the coercion inherent in parental authority when a father sexually abuses his child. ". . . Force need not be overt and physically brutal, but can be subtle and psychological. As long as it can be shown that the rape victim's will was overcome by fear or duress, the forcible element of rape can be established. [Citation omitted.] In the within case, we are confronted with a child being told to do something by an important figure of authority, and commanded not to tell anyone about it. In such a case, we find nothing unreasonable about a finding that the child's will was overcome. Consequently, the forcible element of rape was properly established." State v. Fowler (1985), 27 Ohio App.3d 149, 154, 27 OBR 182, 187, 500 N.E.2d 390, 395.
 In Fowler, the defendant, the step-father of the fourteen-year-old victim, challenged his conviction for rape by force or theft of force on the grounds, among several, that the use of force or threat of force has not been proven.
 ". . . Sexual activity between a parent and a minor child is not comparable to sexual activity between two adults with a history of consensual intercourse. The youth and vulnerability of children, coupled with the power inherent in a parent's position of authority, creates a unique situation of dominance and control in which explicit threats and displays of force are not necessary to effect the abuser's purpose." [Citation omitted.] In the present case, Eskridge was the victim's father and, at the time of the rape, was babysitting her. He therefore held a position of authority over her which did not require any explicit threats or displays of force.
 State v. Eskridge, supra, at 58-59.
In Eskridge, supra, there is no indication that the defendant's sexual abuse of his daughter was accompanied by threats to kill the daughter and her mother if that abusive conduct were reported. In the case before us, by contrast, the existence of a pattern of threats, which both predated and accompanied the alleged Rape forming the basis for Count Two, constitutes more compelling evidence from which the jury could find the element of force or the threat of force.
Bowers's Second Assignment of Error is overruled.
 IV
Bower's Third Assignment of Error is as follows:
 THE CONVICTION IN COUNT THREE SHOULD BE REVERSED BECAUSE THERE WAS INSUFFICIENT EVIDENCE THAT APPELLANT HAD INTERCOURSE WITH MEGAN.
Bowers argues that in her testimony concerning this incident, Megan never used the words "rape," "intercourse," or "penis in the vagina." Therefore, Bowers contends that there is insufficient evidence of intercourse to support his conviction on this count. The State concedes that Megan was not asked in regard to this particular incident to elaborate concerning what she meant by "forced himself on me." However, the State contends that her meaning can be readily inferred from the context of her testimony. In that connection, the State cites the following testimony:
 Q. When we talk about these things, were there different ways in which your step-father did this to you?
A. No.
Q. Would you tell us how he did it each time?
 A. He would take me into my brother's room each time and force himself on me.
 Q. We are talking about this each time that you talk about it or each time we are talking about intercourse?
A. Yes.
The State also points out that every other time that Megan was asked to describe what she meant by the term "forced himself on me," she testified that this referred to sexual intercourse.
From the context of Megan's testimony as a whole, we are satisfied that the jury could reasonably infer, beyond reasonable doubt, that Megan was claiming that Bowers had had sexual intercourse with her during the incident which forms the basis for Count Three of the indictment.
Bowers's Third Assignment of Error is overruled.
 V
All of Bowers's assignments of error having been overruled, the judgment of the trial court is Affirmed.
YOUNG, P.J., and GRADY, J., concur.
Copies mailed to:
Robert K. Hendrix
John H. Rion
Hon. Thomas Rose