Defendant-appellant, John R. Brown, appeals from his convictions in the Butler County Court of Common Pleas for rape in violation of R.C. 2907.02(A)(2) and aggravated burglary in violation of R.C. 2911.11(A)(1). We affirm.
On February 20, 1997, appellant was indicted by a Butler County Grand Jury for rape in violation of R.C. 2907.02(A)(2) and aggravated burglary in violation of R.C. 2911.11(A)(1). A jury trial was commenced on February 2, 1998. At trial, Brenda Brown testified that she was eating dinner with her boyfriend, Jeffrey Denmark, on the evening of January 1, 1997 when appellant appeared at the door of her house. Brown testified that she was married to appellant, but they had been separated and living apart for several months. Brown testified that she opened the door and told appellant that she had a restraining order against him and that he should not be at her house. Brown testified that appellant observed Denmark in the kitchen and "then that's when he pushed on through, went into the kitchen."
Brown testified that after appellant went into the kitchen, appellant started asking Denmark questions, informed him that the victim was his wife, and demanded that Denmark leave. Brown testified that as Denmark left the house, he walked past her and stated that he was going to call "911." After Denmark departed, Brown testified that appellant "started fussing and pacing through the house" and grabbed a knife from the kitchen sink. Brown testified that they went into a bedroom where appellant pushed her on the bed, ordered her to pull her pants down and then vaginally raped her. Brown testified that shortly after appellant raped her, the police arrived at her house. Brown testified that after she informed the police of the rape, she was taken to a hospital for an examination.
Jeffrey Denmark testified that he was eating dinner with Brown on January 1, 1997 when appellant appeared at the door of Brown's house. When asked how appellant entered the house, Denmark testified "[w]ell, [Brown] was kind of like she had the door cracked and she was speaking to [appellant] through the door and he just barged his way through." Denmark testified that after appellant entered the kitchen, appellant asked him a few questions, informed him that Brown was his wife, and requested him to leave the house. Denmark testified that he feared trouble from appellant so he left the house and went to a pay phone where he called "911."
On February 3, 1998, the jury returned a verdict finding appellant guilty of rape and aggravated burglary. On March 16, 1998, appellant was sentenced to ten years in prison for each offense, to be served concurrently, and was fined $10,000 for each offense. In addition, the trial court determined that appellant was a sexually-oriented offender pursuant to R.C.2950.09(B).
On appeal, appellant assigns two assignments of error:
Assignment of Error No. 1:
 THE COURT ERRED, TO THE PREJUDICE OF THE DEFENDANT-APPELLANT IN FINDING THE DEFENDANT-APPELLANT GUILTY OF RAPE AND AGGRAVATED BURGLARY SINCE SAID FINDING WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED, TO THE PREJUDICE OF THE DEFENDANT-APPELLANT, IN ALLOWING THE STATE OF OHIO TO AMEND COUNT II OF THE INDICTMENT DURING THE TRIAL.
In the first assignment of error, appellant asserts that his convictions for rape and aggravated burglary are against the manifest weight of the evidence. In order to reverse a verdict on the basis that a verdict is against the manifest weight of the evidence, an appellate court must unanimously disagree with the factfinders resolution of any conflicting testimony. State v. Thompkins (1997), 78 Ohio St.3d 380. The standard of review for reversal based upon the manifest weight of evidence has been summarized as follows:
 The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.
Thompkins at 387, quoting State v. Martin (1983), 20 Ohio App.3d 172,175. When making this analysis, an appellate court must be mindful that the original trier of fact was in the best position to judge the credibility of witnesses and the weight to be given the evidence. State v. Hawkins (1993), 66 Ohio St.3d 339, 344; State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
Appellant was convicted of aggravated burglary in violation of R.C. 2911.11(A)(1). R.C. 2911.11 provides:
 (A) No person, by force, stealth, or deception, shall trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when another person other than an accomplice of the offender is present, with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure any criminal offense, if any of the following apply:
 (1) The offender inflicts, or attempts or threatens to inflict physical harm on another;
* * *
R.C. 2901.01(A)(3) defines "physical harm to persons" as "any injury, illness, or other physiological impairment, regardless of its gravity or duration."
At trial, Brown testified that although she was married to appellant, she and appellant had been separated and living apart for several months and appellant had never lived at her residence where the offenses occurred. Brown testified that when appellant appeared at the door of her house, she informed him that she had a restraining order against him and that he should not be there. Brown testified that while she was speaking with appellant at the door, appellant observed Jeffrey Denmark in the kitchen and "then that's when he pushed on through, went into the kitchen." Denmark testified "[w]ell, [Brown] was kind of like she had the door cracked and she was speaking to [appellant] through the door and he just barged his way through." Brown further testified that after appellant entered her house, he confronted Denmark and ordered him to leave the house. Brown testified that after Denmark left, appellant grabbed a knife, pushed her on the bed, ordered her to pull her pants down and vaginally raped her. Based upon this testimony, we conclude that appellant's conviction for aggravated burglary is not against the manifest weight of the evidence.
Appellant was also convicted of rape in violation of R.C.2907.02(A)(2) which provides that "[n]o person shall engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force." Appellant acknowledges that he engaged in sexual conduct with Brown. However, appellant argues that his conviction for rape is against the manifest weight of the evidence, because Brown's testimony, which was the only evidence offered to show that he compelled Brown to submit by force or the threat of force, was not credible.
R.C. 2901.01(A)(1) defines "force" as "any violence, compulsion, or constraint physically exerted by any means upon or against a person or thing." "The element of force under R.C.2907.02(A)(2) is established if it can be shown that fear or duress overcame the rape victim's will; the requisite force need not be overt and physically brutal." State v. Martin (May 4, 1998), Warren App. No. CA97-07-072, unreported, citing State v. Fowler (1985), 27 Ohio App.3d 149, 154.
In the present case, Brown testified that appellant grabbed a knife from the kitchen, pushed her on the bed, ordered her to pull her pants down and then raped her at knifepoint. Brown testified that she did not consent to sexual intercourse with appellant and feared harm from appellant because he had a history of violence against her and their children and was in possession of the knife. The jury obviously believed Brown's testimony and we cannot find that the jury "clearly lost its way." See Thomkins at 387. As previously noted, "* * * [i]t is fundamental that the trier of fact is in the best position to decide the veracity of witnesses." State v. Cripps (Sept. 8, 1998), Preble App. No. CA97-12-031, unreported, quoting Hawkins at 344. Further, much of Brown's testimony was corroborated by the other witnesses and evidence presented at trial. Accordingly, we conclude that appellant's conviction for rape is not against the manifest weight of the evidence. Appellant's first assignment of error is overruled.
In the second assignment of error, appellant argues that the trial court erred by allowing the prosecution to amend the aggravated burglary charge contained in the indictment during trial. R.C. 2911.11(A) provides that a defendant can be convicted of "aggravated burglary" where a defendant has committed a burglary and "any of the following apply":
 (1) The offender inflicts, or attempts or threatens to inflict physical harm on another; (2) The offender has a deadly weapon or dangerous ordnance on or about the offender's person or under the offender's control.
Appellant was indicted for aggravated burglary in violation of R.C. 2911.11(A)(1). At the end of the first day of appellant's trial, the prosecution moved to amend the indictment, based upon the evidence presented at trial, to include a violation of R.C.2911.11(A)(2). Defense counsel objected to the amendment. The trial court found that appellant's defense would not be prejudiced and indicated that he would allow the amendment. However, during the second day of appellant's trial, the trial court stated:
 THE COURT: * * * The other issue the Court — Last night when we went over the charge, the Court was talking about the aggravated burglary and we had two parts to that, by force, stealth or deception, then the second part was with a dangerous weapon. The Court has reconsidered that. After I reviewed it and everything, I'm going to leave out the dangerous weapon part. * * *
A further review of the record fails to reveal any evidence that the trial court allowed the amendment of the indictment. The trial court only instructed the jury on the aggravating element of "physical harm" contained in R.C. 2911.11(A)(1). Moreover, the jury verdict form, the entry of the verdict, and the judgment of the conviction entry all indicate that appellant was convicted of violating R.C. 2911.11(A)(1). Therefore, we conclude that the trial court did not allow the amendment of the indictment during appellant's trial to include a violation of R.C. 2911.11(A)(2). Accordingly, appellant's assignment of error lacks merit and his second assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and KOEHLER, J., concur.