JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Calvin Robinson, appeals his conviction in the Cuyahoga County Common Pleas Court for three counts of rape and one count of gross sexual imposition. For the reasons stated herein, we affirm.
 {¶ 2} Robinson was indicted on September 13, 2007, on three counts of rape in violation of R.C. 2907.02(A)(2) and one count of gross sexual imposition in violation of R.C. 2907.05(A)(1). The victim in the case was Robinson's 14-year-old niece.[1]
 {¶ 3} Robinson entered a plea of not guilty to the charges, and the case proceeded to a jury trial. At trial, the victim testified to four separate incidents that occurred at Robinson's home during the early summer of 2007. She stated that prior to that time she had a good relationship with Robinson and would occasionally babysit for his children, who were her cousins.
 {¶ 4} The victim testified that the first incident occurred after school was ended for the summer of 2007. She indicated that she had asked to spend the night so she could see her cousins. After her cousins had gone to sleep, the victim went to the couch to sleep. She testified that she was awakened when she felt Robinson's hands on her thigh. She stated that Robinson pulled down her *Page 4 
pants and proceeded to have sex with her by putting his penis into her vagina. He then told the victim not to tell anyone. The victim testified that she did not know what to do; she wanted to call somebody but was scared. She eventually fell back asleep.
 {¶ 5} The victim also testified about an incident that occurred the next morning. She stated that Robinson woke her up, put his penis in her face, and told her to "suck it." Robinson completed the act by ejaculating in the victim's mouth. The victim testified that the only person she told about the incident was a friend. She indicated that she was afraid to tell her mother.
 {¶ 6} The victim testified that the third incident occurred over the July 4th weekend. During the morning hours, Robinson went into the room where the victim was sleeping and started touching her. She stated that he had her turn around, and he again put his penis in her vagina.
 {¶ 7} The victim testified that the fourth incident occurred when she spent the night at Robinson's house after a birthday party. She stated that Robinson told her to come upstairs and then started "feeling her butt." She had her shorts on. When the victim's cousin went upstairs, Robinson stopped. The victim also testified that there was an occasion when she was taking a shower, and Robinson entered the shower with his clothes off and started washing up too.
 {¶ 8} The victim confided in her boyfriend, who encouraged the victim to tell her mother. When the victim told her mother, T.C., what had happened, *Page 5 
T.C. arranged to meet with Robinson at a relative's house. T.C. testified that when she confronted Robinson, he said the victim was lying, and he denied doing anything to the victim. When T.C. continued her questioning, Robinson eventually stated that he had swallowed one Ecstacy pill too many, was high, and "didn't mean to do it." He then kept telling T.C. that "he didn't mean to do it."
 {¶ 9} T.C. called the victim's father and told him what had happened to the victim. The victim's father testified that he was at Robinson's house that day and that Robinson left to meet T.C. after getting a phone call. The victim's father stated that Robinson was "real jittery" when he returned, and that when he asked Robinson what was going on, Robinson responded, "ain't nothing going on."
 {¶ 10} After the victim's father was informed by the victim's mother of what was going on, the victim's parents took her to the hospital. The police were also called.
 {¶ 11} Robinson was found guilty of all charges. The trial court sentenced him to a prison term of four years on each of the rape counts, and 18 months on the gross sexual imposition count, with all counts to run concurrent with each other. *Page 6 
 {¶ 12} Robinson has appealed his conviction and raised three assignments of error for our review. His first assignment of error provides as follows: "The evidence was insufficient to support a finding of guilt."
 {¶ 13} When an appellate court reviews a record upon a sufficiency challenge, "`the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'" State v. Leonard, 104 Ohio St.3d 54, 67,2004-Ohio-6235, quoting State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 14} Robinson was convicted of rape under R.C. 2907.02(A)(2), which provides that "[n]o person shall engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force." Robinson was also convicted of "gross sexual imposition" under R.C. 2907.05(A)(1), which provides that "[n]o person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when any of the following applies: (1) The offender purposely compels the other person, or one of the other persons, to submit by force or threat of force."
 {¶ 15} Robinson argues that there was insufficient evidence to establish the force element of the respective charges. He states that no testimony or evidence *Page 7 
was presented showing that he compelled the victim to submit to the acts by force or threat of force.
 {¶ 16} Ohio courts have recognized that "`[f]orce need not be overt and physically brutal, but can be subtle and psychological. As long as it can be shown that the rape victim's will was overcome by fear or duress, the forcible element of rape can be established. [citations omitted].'" State v. Scott, Cuyahoga App. No. 88084, 2007-Ohio-2111, quoting State v. Fowler (1985), 27 Ohio App.3d 149, 154. The forcible element of rape has been found to be properly established in situations where a child is told to do something by an important figure of authority, is commanded not to tell anyone about it, and is scared. Id. "In such a case, [there is] nothing unreasonable about a finding that the child's will was overcome." Fowler, supra.
 {¶ 17} In this case, Robinson was the uncle of the 14-year-old victim. The victim testified that Robinson told her not to tell anyone and that she was scared. We find, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found all the elements of rape and gross sexual imposition, including the force element, were proved beyond a reasonable doubt. Accordingly, Robinson's first assignment of error is overruled.
 {¶ 18} Robinson's second assignment of error provides as follows: "The verdict was against the manifest weight of the evidence." *Page 8 
 {¶ 19} In reviewing a claim challenging the manifest weight of the evidence, the question to be answered is whether "there is substantial evidence upon which a jury could reasonably conclude that all the elements have been proved beyond a reasonable doubt. In conducting this review, we must examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." Leonard, 104 Ohio St.3d at 68 (internal quotes and citations omitted).
 {¶ 20} Robinson argues that there was no independent evidence to establish that a rape took place. Considering the nature of the crimes in this matter, it is not surprising that there was no physical evidence of the rape. Nor is it surprising that no one witnessed the incidents. Our review of the record reflects that the victim was able to provide specific details concerning each of the incidents that occurred. Further, the totality of the circumstances failed to demonstrate a lack of reliability or trustworthiness in the victim's testimony. In addition, the victim's mother testified that after she confronted Robinson, he repeated that "he didn't mean to do it." The victim's father testified that Robinson was "real jittery" after Robinson returned from meeting with the victim's mother. Upon our review of the record, we find that there was substantial evidence upon which the jury could reasonably conclude that all the *Page 9 
elements of the offenses were proved beyond a reasonable doubt. Because we do not find Robinson's convictions were against the manifest weight of the evidence, we overrule his second assignment of error.
 {¶ 21} Robinson's third assignment of error provides as follows: "The failure to receive the effective assistance of counsel under the Sixth and Fourteenth Amendments."
 {¶ 22} In order to substantiate a claim of ineffective assistance of counsel, the appellant is required to demonstrate that (1) the performance of defense counsel was seriously flawed and deficient, and (2) the result of the appellant's trial or legal proceeding would have been different had defense counsel provided proper representation.Strickland v. Washington (1984), 466 U.S. 668; State v. Brooks (1986),25 Ohio St.3d 144. Judicial scrutiny of defense counsel's performance must be highly deferential. Strickland, 466 U.S. at 689. In Ohio, there is a presumption that a properly licensed attorney is competent.State v. Calhoun, 86 Ohio St.3d 279, 1999-Ohio-102.
 {¶ 23} Robinson argues that defense counsel was ineffective for failing to (1) inquire into how jurors felt about the nature of the case involving the rape of a child; (2) inquire whether the jurors had children, how they felt about allegations asserted by children, and their experiences with children as it relates to truthfulness; and (3) object to T.C.'s testimony regarding what her daughter told her about the incident. *Page 10 
 {¶ 24} With respect to voir dire, the Ohio Supreme Court has recognized that "`[t]he conduct of voir dire by defense counsel does not have to take a particular form, nor do specific questions have to be asked.' State v. Evans (1992), 63 Ohio St.3d 231, 247, 586 N.E.2d 1042. Moreover, `counsel is in the best position to determine whether any potential juror should be questioned and to what extent.' State v.Murphy (2001), 91 Ohio St.3d 516, 539, 2001-Ohio-112, 747 N.E.2d 765."State v. Frazier, 115 Ohio St.3d 139, 171, 2007-Ohio-5048. Robinson has failed to establish counsel was ineffective in this regard, and we find that defense counsel's failure to ask questions concerning these topics did not deny him effective assistance of counsel.
 {¶ 25} With respect to Robinson's claim that the victim's mother testified to hearsay without objection by the defense, failure to object to error, alone, is not sufficient to sustain a claim of ineffective assistance. State v. Fears, 86 Ohio St.3d 329, 1999-Ohio-111; State v.Contreras, Cuyahoga App. No. 89728, 2008-Ohio-1413. Although the victim's mother did testify to inadmissible hearsay, Robinson has failed to show that he was prejudiced by this testimony. Further, the victim testified and provided the same information to the jury in much more detail. Upon our review, we do not find that any of the claimed deficiencies rose to a level that the result of Robinson's trial would have been different. Therefore, Robinson's claim of ineffective assistance must fail, and we overrule his third assignment of error. *Page 11 
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, A.J., and CHRISTINE T. MCMONAGLE, J., CONCUR
[1] The parties are referred to herein by their initials or title in accordance with this court's established policy regarding the nondisclosure of the identities of victims of sexual violence. *Page 1