[Cite as *In re D.W.*, 2012-Ohio-319.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


IN THE MATTER OF:

    D.W. II


JUDGES:
Hon. W. Scott Gwin, P. J.
Hon. John W. Wise, J.
Hon. Patricia A. Delaney, J.

Case No. 11 CA 29


O P I N I O N


| | |
|---|---|
| CHARACTER OF PROCEEDING: | Civil appeal from the Court of Common Pleas, Juvenile Division, Case No. DL 2011 00042 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | January 27, 2012 |

APPEARANCES:

For Appellant                        For Appellee

ROBERT E. SHEA
LERNER & SHEA
500 South Front Street, Suite 260
Columbus, Ohio 43215

*Wise, J.*

{¶ 1}  Appellant D.W. II (hereinafter "appellant" or "D.W."), a minor, appeals from his transferred delinquency adjudication and subsequent disposition in the Fairfield County Court of Common Pleas, Juvenile Division. The relevant facts leading to this appeal are as follows.

{¶ 2}  On November 25, 2010, D.W. was visiting his father's house in Dayton, Ohio. D.W.'s stepsister, stepbrother, and stepmother also resided at the father's house. That evening, D.W. and his stepsister, both age thirteen at the time, were watching a movie in the stepsister's bedroom, which was located next to the bedroom of D.W.'s father and stepmother. At about 11:00 PM, D.W.'s father and his wife were notified by D.W.'s stepsister that D.W. had fondled her vagina that night.

{¶ 3}  As a result of the incident, a complaint was filed against D.W. in the Montgomery County Juvenile Court for delinquency by reason of rape (R.C. 2907.02) and sexual battery (R.C. 2907.03). The matter proceeded to a bench trial before that court on January 18, 2011. After the State rested its case, D.W.'s attorney orally moved the court to dismiss the rape charge on the grounds that the statutory elements of "force" or "threat of force" in R.C. 2907.02(A)(2) had not been met by the State. The motion was denied.

{¶ 4}  D.W. was ultimately found to be delinquent by reason of rape as alleged in the complaint. The sexual battery allegation was thereupon dismissed by the court.

{¶ 5}  For purposes of disposition, the matter was transferred to the Fairfield County Juvenile Court. See R.C. 2151.271. On April 1, 2011, D.W. was ordered, inter alia, to be placed on community control, with a one-year DYS commitment, suspended.

**{¶ 6}** On July 18, 2011, we granted leave for appellant to file a delayed appeal. He herein raises the following sole Assignment of Error:

**{¶ 7}** "I. APPELLANT'S RIGHTS TO DUE PROCESS UNDER THE STATE AND FEDERAL CONSTITUTIONS WERE VIOLATED BECAUSE THE JUDGE'S DETERMINATION AT THE ADJUDICATORY HEARING THAT THE MINOR WAS GUILTY OF RAPE UNDER RC. 2907.02(A)(2) WAS NOT SUPPORTED BY THE WEIGHT OR SUFFICIENCY OF THE EVIDENCE."

I.

**{¶ 8}** In his sole Assignment of Error, Appellant D.W. contends his adjudication for rape was against the sufficiency and manifest weight of the evidence. We disagree.

### *Sufficiency of the Evidence*

**{¶ 9}** Our standard of review for sufficiency is as follows: " * * * [T]he inquiry is, after viewing the evidence in the light most favorable to the prosecution, whether any reasonable trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks* (1991), 61 Ohio St.3d 259, 273, 574 N.E.2d 492. The state must prove its case against a juvenile beyond a reasonable doubt. *In re Stringer*, Tuscarawas App.No. 2002 AP 10 0082, 2003-Ohio-2119, ¶ 8, citing *In re Winship* (1970), 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368.

**{¶ 10}** The pertinent portion of the offense of rape under R.C. 2907.02 states as follows: "(A)(2) No person shall engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force."

**{¶ 11}** At the adjudicatory hearing in this matter, D.W.'s stepsister (hereinafter "victim") testified that after she fell asleep on the night of November 25, 2010, she awoke feeling D.W.'s hand in her pants and D.W. "squeezing" her vagina, i.e., feeling

that "the skin was open." Tr. at 11. She testified that the squeezing action hurt. Tr. at 12. The victim recalled at one point turning on her side, causing D.W. to pull his hand away; however, D.W. again digitally penetrated her vagina. Tr. at 14. The victim also testified that D.W. started to go up to her breast area after she had turned over. Id. She ultimately got out of bed, went into the bathroom, and then went to tell her step-father and mother what had happened. Id. During the incident, D.W.'s younger stepbrother was sound asleep in the room, but he did not wake up, despite the victim's initial attempts to kick or nudge him. Tr. at 15.

{¶ 12} The gist of appellant's sufficiency argument is that the element of compelling by force or threat of force is not present in this case. We note that on cross-examination, the victim agreed that D.W. had not made any threats to her at the time in question. See Tr. at 20. Appellant directs us to *State v. Fowler* (1985), 27 Ohio App.3d 149, in which the Eighth District Court of Appeals indeed stated: "Force need not be overt and physically brutal, but can be subtle and psychological. As long as it can be shown that the rape victim's will was overcome by fear or duress, the forcible element of rape can be established." Id. at 154 (citations omitted).

{¶ 13} Appellant herein urges that *Fowler* is distinguishable, in that it involved a child victim and an adult offender. Nonetheless, in the case sub judice, when asked upon direct examination why she did not tell D.W. to stop his actions, the victim testified: "Because he's much bigger than me and I was scared that if he knew I was awake that he would try to do something, and I wasn't sure, and I didn't want to find out." Tr. at 13. The victim added on re-direct: "Because I know that he probably didn't want to get in trouble, so he was probably going to try to stop me, and I didn't know how he was going

to stop me, so I was scared." Tr. at 22. Furthermore, as noted previously, appellant's nonconsensual digital penetration caused pain to the victim. Tr. at 12.

{¶ 14} Accordingly, upon review of the record and transcript in a light most favorable to the prosecution, we find that a reasonable finder of fact could find the elements of rape, including the force/threat of force element, beyond a reasonable doubt.

<em>Manifest Weight of the Evidence</em>

{¶ 15} Appellant has also challenged his delinquency adjudication on "manifest weight" grounds. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine, "whether in resolving conflicts in the evidence, the [finder of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717. See, also, *State v. Thompkins* (1997), 78 Ohio St.3d 380, 678 N.E.2d 541. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Martin* at 175, 485 N.E.2d 717.

{¶ 16} Appellant first points out that even though the victim testified that she first went into the bathroom after D. W. touched her so that he wouldn't try to stop her, the victim later stated that the door that leads to the master bedroom was on the same side of the room as she had been and not on D.W.'s side of the room. See Tr. at 19.

{¶ 17} In addition to the victim, the State called Dr. Susan Henry, the physician at Children's Medical Center in Dayton who treated her following the incident at issue. Dr.

Henry did a general exam as well as a genital exam on the victim, observing that the victim's labial area was red, swollen and tender, although there were no hymenal lacerations. Tr. at 26, 28. She opined that these recent labial injuries were consistent with sexual assault or trauma. Tr. at 26, 29. Dr. Henry was unable to tell if there was any penetration to the victim's vagina. See Tr. at 27, 29. On re-direct Dr. Henry testified that she does not often find injuries on sexual assault victims. Tr. at 30. Appellant maintains that the prosecutor never had Dr. Henry clearly distinguish between non-penetrating sexual assault and rape, i.e., actual penetration.

{¶ 18} The next witness for the State of Ohio was D.W.'s father. He testified that the victim, his step-daughter, woke him up on the night in question and told him D.W. had touched her "down there". Tr. at 35. The father testified that D.W. admitted touching the victim, explaining that he did so "[b]ecause everybody was asleep." Tr. at 36. Appellant points out that the father waited until approximately 2:30 AM to call the police, after first trying repeatedly to call his ex-wife (D.W.'s mother). See Tr. at 36-39.

{¶ 19} The State also called Dayton Police Officer Kevin Cooper and Detective William Swisher. Officer Cooper, who first responded to the incident, testified that D.W. made an admission to touching the victim; D.W. in fact stated that "[w]hat you heard is exactly true." See Tr. at 45-48. Detective Swisher testified that D.W. admitted that he had touched the victim's vagina. Tr. at 52. Officer Swisher testified that D.W. told him it was "possible" that he had penetrated the victim's vagina. Tr. at 53. Detective Swisher also testified under cross-examination that D.W. made no admission as to whether he used any force on the evening in question. Tr. at 54.

{¶ 20} Finally, D.W. testified in his own defense. D.W. admitted to touching the victim's buttocks, breast, and the outside of her vaginal area, but on the stand he denied penetrating her vagina. Tr. at 64. He maintained that he made no threats and did not use force during the incident. Tr. at 67. During cross-examination and redirect examination D.W. acknowledged that he told police it was possible that his fingers had slipped inside the victim's vagina. Tr. at 69, 70. However, D.W. also said that he was not sure. Tr. at 70.

{¶ 21} As we have often reiterated, the trier of fact, as opposed to this Court, is in a far better position to weigh the credibility of witnesses. *State v. DeHass* (1967), 10 Ohio St.2d 230, 227 N.E.2d 212. Upon review, we are unpersuaded the finder of fact effectively lost his way under the circumstances of this case. The court's adjudication of delinquency by reason of rape was not against the manifest weight of the evidence.

{¶ 22} Appellant's sole Assignment of Error is overruled.

{¶ 23} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Juvenile Division, Fairfield County, Ohio, is hereby affirmed.

By: Wise, J.
Gwin, P. J., and
Delaney, J., concur.

_____

_____

_____

JUDGES

IN THE COURT OF APPEALS FOR FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


IN THE MATTER OF:                    :        JUDGMENT ENTRY
                                     :
                                     :
D.W. II                              :        Case No. 11 CA 29



For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Juvenile Division, Fairfield County, Ohio, is affirmed.

Costs assessed to appellant.


_____


_____


_____
                                        JUDGES