[Cite as *State v. Umphries*, 2012-Ohio-4711.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

STATE OF OHIO,                          :

    Plaintiff-Appellee,            :       Case No.   11CA3301

    vs.                            :

WILLIAM E. UMPHRIES,                    :       DECISION AND JUDGMENT ENTRY


    Defendant-Appellant.           :

_____

APPEARANCES:

COUNSEL FOR APPELLANT: Aaron M. McHenry, 14 South Paint Street, Suite 1, Chillicothe, Ohio 45601

COUNSEL FOR APPELLEE:   Matthew S. Schmidt, Ross County Prosecuting Attorney, and Richard W. Clagg, Ross County Assistant Prosecuting Attorney, 72 North Paint Street, Chillicothe, Ohio 45601

CRIMINAL CASE FROM COMMON PLEAS COURT
DATE JOURNALIZED: 10-1-12
ABELE, P.J.

{¶ 1}   This is an appeal from a Ross County Common Pleas Court judgment of conviction and sentence.   A jury found William E. Umphries, defendant below and appellant herein, guilty of rape, in violation of R.C. 2907.02.   The trial court sentenced appellant to serve eight years in prison.

{¶ 2}   Appellant assigns the following errors for review:

FIRST ASSIGNMENT OF ERROR:

"THE JURY'S VERDICT IS NOT SUPPORTED BY SUFFICIENT

EVIDENCE."


SECOND ASSIGNMENT OF ERROR:

"THE JURY'S VERDICT IS AGAINST THE MANIFEST WEIGHT OF

THE EVIDENCE."

{¶ 3}   During the late evening hours of August 15 or early morning hours of August 16, 2010, the victim awoke to find appellant on top of her.   He began to have sexual intercourse with her and she begged him to stop.   He did not.   The next day, the victim contacted the Ross County Sheriff's Department to report the incident.

{¶ 4}   On August 6, 2010, the Ross County Grand Jury returned an indictment that charged appellant with rape, in violation of R.C. 2907.02.   Appellant entered a not guilty plea.

{¶ 5}   On September 27 and 28, 2011, the trial court held a jury trial.   At the trial, the victim testified that she awoke during the night to discover appellant, her uncle, on top of her.   She stated that he put his hands down her pants and then removed her pants, her underwear, and her tampon.   She stated that he placed his penis inside her and that she "begged him to stop."   After appellant completed the act, the victim went into the bathroom and did not exit until she knew appellant had left.   When she awoke in the morning, she told her father what happened and he called the sheriff.   Later that day, she went to the hospital where a rape kit was performed.

{¶ 6}   Ross County Sheriff's Detective Tony Wheaton testified that appellant admitted that he had sexual intercourse with the victim.   Detective Wheaton stated that appellant explained that he had entered the victim's residence through a bedroom window.   Appellant advised Detective Wheaton "that he knew that what he had done was wrong and that he felt that [the victim] had now ruined his life."   On cross-examination, Detective Wheaton stated that appellant claimed that appellant and the victim had an on-going sexual relationship for about a month or two before the victim's rape allegation.   Detective Wheaton testified that appellant claimed that the sexual encounter was consensual.

{¶ 7}   After hearing the evidence, the jury found appellant guilty.   The trial court sentenced appellant to serve eight years of mandatory imprisonment.   This appeal followed.

{¶ 8}   Appellant's two assignments of error raise the interrelated, but legally distinct, concepts of

the sufficiency and the manifest weight of the evidence.   For ease of analysis, we have combined them.

**{¶ 9}**    In his first assignment of error, appellant argues that the state failed to present sufficient evidence that he compelled the victim to submit to sexual conduct by force or threat of force.   He asserts that the state failed to present any evidence that appellant "used any violence, compulsion, or other physical restraint to compel the intercourse. [The victim] never said [appellant] held her down or otherwise prevented her from getting up."

**{¶ 10}**  In his second assignment of error, appellant contends that the jury lost its way when affording the victim's testimony more credibility.

**{¶ 11}**  When reviewing the sufficiency of the evidence, our inquiry focuses primarily upon the adequacy of the evidence; that is, whether the evidence, if believed, reasonably could support a finding of guilt beyond a reasonable doubt.   See Thompkins, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997) (stating that "sufficiency is a test of adequacy"); State v. Jenks, 61 Ohio St.3d 259, 273, 574 N.E.2d 492 (1991). The standard of review is whether, after viewing the probative evidence and inferences reasonably drawn therefrom in the light most favorable to the prosecution, any rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt.   Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Jenks, 61 Ohio St.3d at 273. Furthermore, a reviewing court is not to assess "whether the state's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction." Thompkins, 78 Ohio St.3d at 390 (Cook, J., concurring).

**{¶ 12}**  Thus, when reviewing a sufficiency-of-the-evidence claim, an appellate court must construe the evidence in a light most favorable to the prosecution.    State v. Hill, 75 Ohio St.3d 195, 205, 661 N.E.2d 1068 (1996); State v. Grant, 67 Ohio St.3d 465, 477, 620 N.E.2d 50 (1993).   A reviewing court will not overturn a conviction on a sufficiency-of-the-evidence claim unless reasonable minds could not reach the conclusion that the trier of fact did.   State v. Tibbetts, 92 Ohio St.3d 146, 749 N.E.2d 226 (2001); State v. Treesh, 90 Ohio St.3d 460, 739 N.E.2d 749 (2001).

{¶ 13} "Although a court of appeals may determine that a judgment of a trial court is sustained by sufficient evidence, that court may nevertheless conclude that the judgment is against the weight of the evidence." Thompkins, 78 Ohio St.3d at 387. When an appellate court considers a claim that a conviction is against the manifest weight of the evidence, the court must dutifully examine the entire record, weigh the evidence, and consider the credibility of witnesses. The reviewing court must bear in mind, however, that credibility generally is an issue for the trier of fact to resolve. State v. Issa, 93 Ohio St.3d 49, 67, 752 N.E.2d 904 (2001); State v. DeHass, 10 Ohio St.2d 230, 39 O.O.2d 366, 227 N.E.2d 212 (1967), paragraph one of the syllabus. Once the reviewing court finishes its examination, the court may reverse the judgment of conviction only if it appears that the fact-finder, when resolving the conflicts in evidence, "'clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" Thompkins, 78 Ohio St.3d at 387, quoting State v. Martin, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1983).

{¶ 14} If the prosecution presented substantial evidence upon which the trier of fact reasonably could conclude, beyond a reasonable doubt, that the essential elements of the offense had been established, the judgment of conviction is not against the manifest weight of the evidence. State v. Eley, 56 Ohio St.2d 169, 383 N.E.2d 132 (1978), syllabus. A reviewing court should find a conviction against the manifest weight of the evidence only in the "'exceptional case in which the evidence weighs heavily against the conviction.'" Thompkins, 78 Ohio St.3d at 387, quoting Martin, 20 Ohio App.3d at 175; State v. Lindsey, 87 Ohio St.3d 479, 483, 721 N.E.2d 995 (2000).

{¶ 15} In the case at bar, R.C. 2907.02(A)(2) contains the essential elements of the rape offense contained in appellant's indictment. It states: "No person shall engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force."

{¶ 16} Appellant asserts that the state failed to present sufficient evidence that appellant compelled the victim to submit by force or threat of force. "'Force' means any violence, compulsion, or constraint

physically exerted by any means upon or against a person * * *."   R.C. 2901.01(A)(1).

> "A defendant purposely compels another to submit to sexual conduct by force or threat of force if the defendant uses physical force against that person, or creates the belief that physical force will be used if the victim does not submit.   A threat of force can be inferred from the circumstances surrounding sexual conduct."

State v. Schaim, 65 Ohio St.3d 51, 55, 600 N.E.2d 661 (1992)

"The force and violence necessary to commit the crime of rape depends upon the age, size and strength of the parties and their relation to each other."   State v. Eskridge, 38 Ohio St.3d 56, 526 N.E.2d 304 (1988).   "'* * * Force need not be overt and physically brutal, but can be subtle and psychological.   As long as it can be shown that the rape victim's will was overcome by fear or duress, the forcible element of rape can be established.'"   Id. at 58-59, quoting State v. Fowler, 27 Ohio App.3d 149, 154, 500 N.E.2d 390 (1985).

{¶ 17}   Courts have held that when a defendant removes the victim's clothing against the victim's will, then the element of force ordinarily will be established.   State v. Walker, 8th Dist. No. 96662, 2011-Ohio-6645, ¶20 (holding that "manipulation of a sleeping victim's clothing in order to facilitate sexual conduct constitutes force under R.C. 2901.01(A)(1) even though such force requires only minimal exertion"), citing State v. Clarke, 8th Dist. No. 94207, 2010-Ohio-5010, ¶23, State v. Sullivan, 8th Dist. No. 63818 (Oct. 7, 1993), and State v. Lillard, 8th Dist. No. 69242 (May 23, 1996).   Accord State v. H.H., 10th Dist. No. 10AP-1126, 2011-Ohio-6660, ¶12; State v. Burton, 4th Dist. No. 05CA3, 2007-Ohio-1660, ¶38. In Sullivan, for example, the victim awoke in the middle of the night to find the defendant between her legs, licking her vagina.   The defendant had pulled down the victim's underwear and shorts and had pulled her legs apart.   After the defendant was convicted of rape, he appealed and argued that the state failed to present sufficient evidence of force.   The appellate court disagreed and explained:

> "It is readily apparent that the element of force was established through the testimony of the victim in two separate manners.   First, the separating of [the victim's] legs and the pulling down of her shorts and [underwear] clearly can only be accomplished by the application of physical force.   These acts, although not of the same degree as a blow or continuous restraint, are without question within the definition of 'force'.   The word 'any' specified in the definition of 'force' recognizes that various crimes upon various victims require different degrees and manners of force.   In the instant case, the victim was a young

girl who was initially asleep; therefore, the force the defendant needed * * * required only minimal physical exertion."

{¶ 18}  In State v. Lillard, 8th Dist. No. 69242 (May 23, 1996), the victim was asleep when she awoke to find the defendant looking into her vagina with a flashlight.   On appeal, the court disagreed with the defendant's argument that the state failed to present sufficient evidence of force.   The court explained that the

"evidence, when viewed in a light most favorable to the prosecution, would allow a rational trier of fact to infer that appellant used physical exertion to position [the victim's] robe and legs to allow the examination.   The state, therefore, provided sufficient evidence regarding the element of force or threat of force."

{¶ 19}  Similarly, in the case sub judice we believe that the state presented sufficient evidence that appellant engaged in sexual conduct with the victim by purposely compelling the victim to submit by force or threat of force.   The victim testified that appellant removed her pants, underwear, and tampon and that she "begged" him to stop.   The victim's testimony implies that appellant acted with physical exertion when he removed her pants, underwear, and tampon.   The victim did not offer any testimony that she willingly removed her clothing or the tampon.   Obviously, the victim's clothing did not magically remove itself.   Instead, appellant had to use some degree of physical force to remove the items.

{¶ 20}  Additionally, the victim testified that appellant was bigger than she and stated, "what was I going to do."   She explained that she was "scared."   The state pointed out to the jury that the victim is a petite woman and that appellant obviously outweighed her.[1]   From this testimony, the jury could have inferred that appellant was physically imposing and thus induced fear in the   victim.   The victim's testimony, "what was I going to do," coupled with her petite size in relation to appellant's, shows that she felt compelled to submit, scared, and that she believed she had no other option.   Thus, this testimony

---

[1]  The state did not present specific evidence regarding the victim's height and weight compared to appellant's so as to enable this court to compare the two, but it did point the comparison out to the jury, which obviously was able to actually view the victim and appellant and could use its common sense to determine the parties' relative sizes.

sufficiently shows that her will was overcome by fear.    Taken together, the facts demonstrate that appellant physically exerted, by any means, compulsion upon the victim.    R.C. 2901.01(A)(1).

{¶ 21} Contrary to appellant's argument, the state did not need to show that appellant "held [the victim] down or otherwise prevented her from getting up."    In fact, R.C. 2907.02(C) states that a victim's physical resistance to the defendant's conduct is not a prerequisite to a rape conviction.    Thus, we disagree with appellant that the state failed to present sufficient evidence of force to sustain his rape conviction.

{¶ 22} Furthermore, we disagree with appellant that his version of events was more credible than the victim's.    The jury, as the fact-finder, was entitled to believe the victim's version of events.    As we explained in State v. Murphy, Ross App. No. 07CA2953, 2008–Ohio–1744, ¶31:

> "It is the trier of fact's role to determine what evidence is the most credible and convincing.    The fact finder is charged with the duty of choosing between two competing versions of events, both of which are plausible and have some factual support.    Our role is simply to insure the decision is based upon reason and fact.    We do not second guess a decision that has some basis in these two factors, even if we might see matters differently."

Accord Bugg v. Fancher, Highland App. No. 06CA12, 2007–Ohio–2019, ¶9; In re N.Z., 11th Dist. Nos. 2010-L-023, 2010-L-035, 2010-L-041, 2011-Ohio-6845, ¶¶79-80 (deferring to fact-finder in "classic he-said/she-said' rape case").    The jury was under no obligation to discredit the victim's testimony simply because she had consumed a significant amount of alcohol and simply because appellant claimed it was consensual.[2]    We find nothing in the record that leads us to conclude that the jury clearly lost its way by believing the victim's testimony over appellant's statement to Detective Wheaton.    Consequently, appellant's conviction is not against the manifest weight of the evidence.

---

[2]    We observe that although the testimony establishes that the victim was impaired when the sexual conduct occurred, i.e., she testified that she vomited when she returned home from the bar and then passed out, the state did not charge appellant under R.C. 2907.02(A)(1)(c).

{¶ 23} Accordingly, based upon the foregoing reasons, we hereby overrule appellant's two

assignments of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

### JUDGMENT ENTRY

It is ordered that the judgment be affirmed and that appellee recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.

The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J.: Concurs in Judgment & Opinion
Kline, J.: Concurs in Judgment & Opinion as to Assignment of Error II; Concurs in Judgment Only as to Assignment of Error I

For the Court

BY:_____

Peter B. Abele
Presiding Judge

### NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.